### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1870, IN THE FIFTY-FOURTH YEAR
OF THE STATE.

———————◆———————

JOHNS *v.* SEWELL.

|33|1|
|:--|:--|
|145|337|

VENDOR AND PURCHASER.—*Lien.— Volunteer.—Notice.*—A. held certain real estate by title-bond from B., who held the legal title, A. having fully paid him the purchase-money. C. purchased said real estate from A. and gave his promissory note to A. for a portion of the purchase-money, and A. directed B. to convey to C.; but by C.'s procurement, B., without the knowledge or consent of A., conveyed to C.'s wife, who was a volunteer. Afterwards D. purchased the property from C. and took a conveyance executed by C. and wife, with notice that C. owed the unpaid purcase-money for which he had given said note.

*Held*, in a suit by the assignee of said note to enforce a vendor's lien upon said land in the possession of D., that the complaint was not insufficient for not alleging that D. had notice that C.'s wife was a volunteer.

*Held*, also, that A. had an equitable lien on the land for the unpaid purchase-money due him, which lien passed to the assignee of said note.

APPEAL from the Fountain Circuit Court.

FRAZER, J.—It is assigned for error that a demurrer to the complaint was overruled, and this presents the principal question in the case. The facts averred were, that Oliver P. West purchased certain real estate from Donaldson, and gave the latter his promissory note for a portion of the pur-

VOL. XXXIII.—1

chase-money, which note Donaldson assigned to the plaintiff; that Donaldson at the time held the property by title-bond from one Lacy, his vendor, to whom he had fully paid the purchase-money, and who held the legal title, and whom he directed to convey to said Oliver P. West; that by the procurement of the latter, Lacy conveyed to West's wife, without Donaldson's knowledge or consent; that West's wife was a volunteer, paying nothing; that the appellant, Johns, afterwards purchased the property of West and took a conveyance executed by West and wife, with notice that West owed the unpaid purchase-money for which he had given the note aforesaid. The ruling sought as against the appellant Johns, was to enforce a vendor's lien upon the land.

The objection against the complaint most pressed is, that it does not appear by its averments that Johns had notice that Mrs. West was a volunteer. No authority is cited in support of this objection, and it seems to us that it cannot be maintained upon any sound principle. We understand quite well that a purchaser with notice of an outstanding equity may protect himself by showing that his vendor had no notice, and therefore held the estate purged of the equity. This rule is intended for the protection of him who held the estate discharged of the equity, that he may be enabled to realize the best price which the property will command; and to that end he can transmit to his vendee as good a title as he holds. His vendee with notice is favored, not on his own account, but for the sake of him from whom he purchased. But even this is matter of defense, and need not, perhaps, be anticipated and traversed by the complaint. But where, as in this case, it appears that the intermediate grantor was a volunteer who paid nothing, and therefore held the estate charged with the lien, the next purchaser, having notice of the unpaid purchase-money, cannot mock a court of equity even by averment and proof that he did not know that his vendor was a volunteer. Common honesty required of him, before he took

the conveyance and paid his money, to ascertain and be assured that he took it from one who held the property free from the lien of which he had express notice—if by taking it he could remove it from the reach of the lien. If he chose to make no such inquiry, it must have been in the hope that ignorance, thus self-imposed, might serve his interests better than a knowledge of the facts. Thus we may assume that he reasoned: I know that West owes Donaldson purchase-money upon this land; but I find the title in Mrs. West, who may be either a volunteer or a purchaser for value with or without notice; upon that subject I am not informed, and I am safe if I do not ascertain. If I remain in ignorance it will not matter to me what the fact really is, but it may cut off any equity which Donaldson could assert against the property in Mrs. West's hands. At any rate, this is the unconscionable and dishonest course of conduct to which this court will give its sanction and license if we hold the complaint bad because it does not allege that the appellant had no notice that Mrs. West was not a purchaser for value; and the doctrine ruled would be this: a purchaser from a volunteer, with express notice, will be protected unless he also had notice that his vendor was such volunteer. We are not prepared to approve so plain and easy a method of purging estates of outstanding equities against them.

Another question touching the sufficiency of the complaint is, whether Donaldson, who held the property by title-bond, having fully paid for it, but who never had the legal title, had any equitable lien for unpaid purchase-money due to him. It is inferred from the opinion in *Work* v. *Brayton*, 5 Ind. 396, that the judges of this court were not at all agreed in that case upon the question whether the equitable lien for purchase-money exists when the actual vendor held only a title in equity, and the conveyance was made direct, as in this case, from the party holding the legal title in trust. The appellant cites *Strider* v. *King*, 3 Cranch C. C. 67, as in point against the lien upon this ground. It must be

admitted that it is so, though in that case there was no necessity whatever for any expression of opinion upon the subject, for a separate security for the purchase money had been taken. The opinion as reported gives neither authority nor reason in support of it. So far as we know, that case stands alone. Where a purchaser has paid the whole purchase-money, he is, in equity, regarded as the real owner of the land for every purpose. He is so in very substance, and a conveyance to him is but a compliance with a form of law. It would be a surprising doctrine, that a court of equity would so stick upon form, in utter disregard of right, as to deny to him the implied lien for purchase-money, which it would give if he had held also the legal title. No such distinction is hinted at in the text books, and we are unable to conceive of a plausible argument to sustain it.

Another question made against the ruling of the court below upon the demurrer is, whether the vendor's lien passes to the assignee of a note given for purchase-money. It has been held that it does not, in Arkansas, Tennessee, Georgia, Mississippi, Ohio, and Maryland. But in this State it has been adjudged otherwise from the beginning. *Lagow* v. *Badollet*, 1 Blackf. 416; *Brumfield* v. *Palmer*, 7 Blackf. 227; *Fisher* v. *Johnson*, 5 Ind. 492; *Kern* v. *Hazlerigg*, 11 Ind. 443. A rule of property so long maintained, and from time to time reiterated by the court of last resort, cannot now be deemed open to discussion. We should so determine, even if satisfied that the rule was not originally well founded. But if the question were an open one, we would not hesitate to decide the same way. We are not in accord with the opinion, sometimes expressed in the reports, that the doctrine of equitable lien for purchase-money is mischievous, and in which it is denounced as a *secret* lien, an epithet the accuracy or propriety of which is not very apparent when it is remembered that the lien only follows the land in the hands of a purchaser who has paid value and taken a conveyance *with notice*. We have no temptation, therefore, to hedge in the conceded right with limitations which

greatly tend to impair its utility and value, and which, it seems to us, set at naught some very plain rules which are uniformly applied in analagous cases. The incident generally follows the principal thing, and in all other cases that now occur to us the security is carried by the transfer of the debt. It is so with a mortgage, or collateral guaranty, or pledge. Why should it not be so with a vendor's lien? What injustice could ever result? Why impair the beautiful harmony and the broad and enlightened policy of equity jurisprudence by applying to cases essentially similar diverse and antagonistic rules? Indeed, the whole reasoning by which it has been attempted to introduce this anomaly goes to support an entirely different proposition, to wit, that very satisfactory proof of notice should be required to charge the land in the hands of a subsequent purchaser, a proposition just in itself and well sustained by the cases, but which, it may be, has not always been applied.

What has been already said disposes of the instruction asked by the defendant and refused by the court. We cannot reverse upon the evidence.

Judgment affirmed, with costs.

GREGORY, J., does not concur in the entire opinion of the court in the foregoing case.

*T. F. Davidson,* for appellant.

*W. H. Mallory* for appellee.