## HUMPHREY v. THORN ET AL.

VENDOR'S LIEN.—*Lands Conveyed to Purchaser's Wife.—Judgment.—Promissory Note.*—The vendor of a tract of land, at the request of the purchaser, conveyed part thereof to the latter's wife and the residue to the purchaser, taking of the latter, for an unpaid balance of the purchase-money, his promissory note. Such note becoming due and remaining unpaid, the vendor obtained personal judgment thereon against the purchaser, and, the latter having died insolvent, the judgment plaintiff instituted an action to enforce a vendor's lien against the whole of such tract of land, for the amount of such judgment.

*Held,* on such facts, that the plaintiff is entitled to the lien sought.

JUDGMENT.—*Extent of Relief Granted.*—The extent of the relief to be granted by a judgment is restricted to the relief prayed for in the complaint, only in cases where there is no answer.

SAME.—*Supreme Court.—Petition for Rehearing.*—The fact that the judgment of the Supreme Court, in a case wherein an answer was filed, is broader than the relief prayed for in the complaint, is not ground for a rehearing.

From the Montgomery Circuit Court.

*R. B. F. Peirce, P. S. Kennedy* and *W. T. Brush,* for appellant.

*W. A. Tipton, M. D. White* and *C. M. Travis,* for appellees.

BIDDLE, J.—Complaint by appellant, to enforce a vendor's lien against certain lands.

No question is presented upon the pleadings.

Verdict and judgment against the appellant. He appeals to this court, and insists that the verdict is contrary to the evidence and contrary to law, and, by a motion for a new trial, has presented these questions for our consideration.

There is no serious conflict in the evidence; it proves the following facts beyond any fair ground of dispute:

In March, 1873, the appellant sold to George Thorn a certain farm, for the consideration of four thousand eight hundred dollars, four thousand dollars of which was to be paid to the appellant by W. C. Lockhart; for the remaining eight hundred dollars, George Thorn executed his note to the appellant. At the request of Thorn, three-fourths of the land was conveyed by the appellant to Thorn's wife, and the remaining fourth to Thorn himself. Thorn failed to pay the note of eight hundred dollars, and in May, 1875, the appellant recovered judgment against him for eleven hundred and eleven dollars and nineteen cents, founded upon the note. Thorn became insolvent, and died without having paid any part of the judgment.

There is no dispute in the case, except as to the amount of the judgment accruing upon the note executed by Thorn to the appellant.

We know of no reason, and none has been shown to us, why, upon this state of facts, the appellant is not entitled to his vendor's lien on that part of the farm conveyed to George Thorn, and also on the entire tract sold.

The appellees insist, however, that the sale of the farm

was made to Thorn's wife, and not to Thorn. We think the evidence is overwhelmingly the other way. But it does not seem to us material whether the sale was made to Thorn or his wife; there is no dispute about the fact that one-fourth of the farm was conveyed to Thorn, and, as to that, the vendor would have his lien, although the other three-fourths were conveyed to his wife.

We are not deciding the case upon the *weight* of evidence; we can not see *any* evidence against the substantial facts which entitle the appellant to his vendor's lien. It seems to us that the error committed consists in the application of the law to the facts, and not in the insufficiency of the facts to sustain the vendor's lien.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.

### ON PETITION FOR A REHEARING.

BIDDLE, J.—The appellee desires a rehearing, upon the ground that the judgment is broader in the opinion than is prayed for in the complaint. The facts averred in the complaint authorize the judgment pronounced in the opinion. The court is confined, in granting relief, to the prayer in the complaint, only in cases where there is no answer; in all other cases any relief may be granted consistent with the complaint. 2 R. S. 1876, p. 188, sec. 380; *Colson* v. *Smith*, 9 Ind. 8; *Mandlove* v. *Lewis*, 9 Ind. 194; *Resor* v. *Resor*, 9 Ind. 347; *Hunter* v. *McCoy*, 14 Ind. 528. This case, as an answer was filed, comes within the above rule. The vendor is entitled to his lien on all or any part of the land sold, as between the vendor and the vendees, as well on the part conveyed to Mary C. Thorn as on the part conveyed to George Thorn. The opinion is modified accordingly. He need not assert his lien against all the land unless he wishes to, but the fact that all the land is not included in

the prayer of the complaint affords no ground to support a petition for a rehearing.    The petition is overruled.

Opinion filed at May term, 1878.

Petition for a rehearing overruled at November term, 1878.