GAAR ET AL. *v.* MILLIKAN, GUARDIAN.

VENDOR'S LIEN.—*Promissory Note.—Mortgage.—Priority of Lien.—Evidence.*—In a suit by the endorsee, upon a promissory note given for the purchase-money of real estate, seeking judgment upon the note and to enforce an alleged vendor's lien against such real estate, an allegation in the complaint that one of the defendants, a subsequent encumbrancer, took his mortgage upon such real estate with full knowledge of the existence of the indebtedness for the purchase-money, of the endorsement of the note to the plaintiff and of the vendor's lien, is material as against such defendant, and must be proved in order to give such vendor's lien priority over the mortgage lien.

SUPREME COURT.—*Judgment Reversed as to several Appellants when only one entitled to Reversal.*—Where only one of several parties appealing to the Supreme Court is entitled to a reversal of the judgment, but an affirmance as to the other parties will embarrass the appellee in the further prosecution of his cause of action against the party as to whom the judgment is reversed, such judgment will be reversed as to all.

From the Henry Circuit Court.

*W. Grose*, for appellants.

*M. E. Forkner*, for appellee.

Howk, C. J.—In this action, the appellee sued the appellants, in a complaint of a single paragraph, wherein he alleged, in substance, that on the 30th day of April, 1875, one George Hazzard sold and conveyed to the appellant Jacob Kennard two certain parcels of real estate, particularly described, in Henry county, Indiana, and, for a part of the purchase-money for said real estate, the appellant Kennard made and delivered to said Hazzard his promissory note, of that date, filed with and made a part of said complaint; that by said note the appellant Kennard promised to pay said Hazzard on or before December 25th, 1877, the sum of five hundred dollars, with ten per cent. interest from date; that no security of any kind was given by the appellant Kennard to said Hazzard, nor accepted by him, for the payment of said note or of the said purchase-money for which the note was given; but that it

was agreed between the appellant Kennard and said Hazzard, that the latter should retain a vendor's lien on said real estate for the payment of said purchase-money and said note; that the appellant Kennard afterward conveyed and mortgaged said real estate to his co-appellant Abram Gaar, to secure the debt of one thousand dollars then owing to him from said Kennard; that, at the time said debt was contracted and said mortgage was given, the said Gaar had full knowledge of the existence of said indebtedness to said Hazzard for said purchase-money, and of the endorsement of the note given therefor, and that said Hazzard and the appellee, as the assignee of said note, then held a vendor's lien on said real estate to secure the payment of said note; that, before the said mortgage was executed to said Gaar, the said Hazzard sold, assigned and endorsed his said note and vendor's lien to the appellee, for a valuable consideration, which endorsement was made in writing on the back of said note, and was filed with and made a part of said complaint; that the said Kennard was insolvent and had no property out of which the appellees' said debt could be made; and that his said debt was then due and wholly unpaid. Wherefore the appellee demanded judgment for six hundred dollars, and for the enforcement of his vendor's lien against all the appellants, etc.

To this complaint the appellants Kennard and his wife answered by a general denial; and the appellant Abram Gaar answered separately and specially. In his answer the said Gaar alleged, in substance, that, on the 9th day of March, 1877, he loaned to the said Jacob Kennard the sum of one thousand two hundred dollars, to be repaid at the end of five years from that date, with ten per cent. interest thereon payable semi-annually, and said Jacob executed his notes to said Gaar to evidence the said payments; that, to secure the payment of said loan and interest, the said Jacob and Rebecca Kennard then and there executed to

said Gaar their mortgage, a copy of which was therewith filed, on the same real estate described in appellee's complaint, and that the said notes remained wholly unpaid; and the said Gaar denied that at the time he made the said loan to, and took the said notes and mortgage from, the said Jacob Kennard and his wife, he had any knowledge whatever of the existence of said debt to said Hazzard or to the appellee, or of the endorsement or assignment thereof, or that any such debt or lien upon said lands existed, in any manner whatever; and he also denied any knowledge on his part of any of the facts existing as alleged in appellee's complaint, at the time he loaned said money, and his said notes and mortgage were executed to him; and he further denied each and every allegation in appellee's complaint.

The cause was tried by the court, and a finding was made for the appellee, assessing his damages in the amount due on the note described in his complaint; that the same was due on account of the purchase-money of the real estate therein described, and that the allegations of said complaint were true.

The appellant Abram Gaar separately moved the court for a new trial, which motion was overruled, and to this decision he excepted. Judgment was then rendered in favor of the appellee, for the amount found due on the note described in his complaint; that this amount was secured to him by a vendor's lien on said real estate; and that said lien should be enforced against said real estate and take priority over the said mortgage of the appellant Abram Gaar thereon. From this judgment all the defendants below have appealed to this court, and have here assigned, as error, the overruling of said Abram Gaar's motion for a new trial.

The only point made by the appellants' counsel, in his brief of this cause in this court, is that there is absolutely

no evidence whatever in the record, which tends to show that the appellant Abram Gaar, at the time he made his loan to Jacob Kennard and, to secure the repayment thereof with interest, took a mortgage on the real estate described in appellee's complaint, had any knowledge or notice that any part of the purchase-money of said real estate remained unpaid by said Jacob Kennard, or that either the appellee or his endorser, or assignor, had any vendor's lien, or lien of any kind, on said real estate, to secure the payment of any sum of money. This point, it seems to us, is well taken, and is fully sustained by the record.

The gist of the appellee's complaint in this case, in so far as it was attempted or intended to state a cause of action therein against the appellant Abram Gaar, was contained in the averments, that at the time he made his loan to said Jacob Kennard, and, to secure such loan with interest, took a mortgage on the real estate described in said complaint, from said Kennard and his wife, " said Gaar had full knowledge of the existence of said indebtedness to said Hazzard, and said endorsement and assignment thereof, and that it was for said purchase-money, and that said Hazzard and the plaintiff, as his assignee, then held a vendor's lien on said land to secure the payment of the same."

These averments of the complaint, we need hardly say, were material, for they constituted and contained the very substance of the appellee's cause of action against the appellant Abram Gaar. They were denied, generally and specifically, in and by the answer of said Gaar. Therefore, it devolved upon the appellee, on the trial of the cause, to sustain these averments by competent evidence, as he had the burthen of the issues.

There was no evidence whatever introduced on the trial, which tended even remotely to establish the truth of

these averments in the appellee's complaint. Not only so, but the appellant Abram Gaar, who was a competent witness in his own behalf, testified on the trial of the cause as follows: "At the time of this loan, I had no knowledge whatever of any claim upon the land, by Hazzard or Millikan," the appellee.

Clearly, therefore, as it seems to us, the finding of the court for the appellee, as against the appellant Abram Gaar, giving the appellee's vendor's lien a priority over the mortgage lien of said Gaar, on the lands described in the complaint, was not sustained by, but was in fact contrary to, the evidence in the record. This is not a case of conflicting evidence, but there is an entire failure of evidence to sustain the appellee's case against the appellant Abram Gaar.

The court erred in overruling the motion of said Abram Gaar for a new trial of this cause.

As to the defendants Jacob and Rebecca Kennard, there is nothing in the record which tends to show that Jacob Kennard did not and does not owe the appellee the precise sum of money for which the judgment was rendered. The Kennards, therefore, are not personally entitled to a reversal of the judgment below, on their own account; but, as the affirmance of the judgment as to them might possibly embarrass the appellee in the further prosecution of his alleged cause of action against the appellant Abram Gaar, it has seemed to us that the ends of justice would probably be subserved by the reversal of the entire judgment, as to each and all of the appellants, and this is done accordingly.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.