No. 9806.

FLEECE v. O'REAR ET AL.

PROMISSORY NOTE.— Payment.— Decedents' Estates.— The application of money belonging to an estate by an administrator upon his individual note, which money is afterwards recovered from the payee, does not operate as a payment of the note.

SAME.— Vendor's Lien.—Husband and Wife.—Where land for which such note is given is conveyed by the payee to the wife of the maker at the time of such application, and such wife pays no other consideration for the land, and has notice of all the facts, the payee of such note, notwithstanding such attempted payment, retains a vendor's lien upon the land against such wife for the amount due upon such note, and this lien may be enforced against the land, notwithstanding the fact that the payee may also have the right to recover from the administrator the amount of money recovered from the payee.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.
*L. M. Campbell,* for appellees.

BEST, C.—This action was brought by the appellant against
the appellees, to recover the balance due upon a note made by
Robert F. O'Rear, and to enforce a vendor's lien upon certain
real estate for which the note was given, against both of the
appellees.

Issues were formed, a trial had, and a finding made against
Robert F. O'Rear upon the note, and in favor of the appellees
upon the lien.

At the request of the appellant, the court found the facts
specifically, and stated its conclusions of law thereon. The
facts found are in substance these: That Clinton B. Fleece
owned the lots in the complaint described, and that he sold
them to the appellant in May, 1875, but did not convey them
to him; that on the 26th day of August, 1875, the appellant
sold said lots to Robert F. O'Rear for $450, and said O'Rear
on that day made him the note in suit, for said sum, payable
on the 25th day of December, 1875, with interest at ten per
cent., without relief, and with attorney fees, which note was
given for the purchase-money of said real estate; that prior
to this time said Robert F. O'Rear had been appointed ad-
ministrator of the estate of William Bamish, deceased, who
left as his only heirs John Bamish, his son, and Mary O'Rear,
his daughter; that certain real estate owned by said decedent
had been sold for $3,500, and the residue divided between
said John and said Mary, with an agreement that all of such
money, not necessary to pay the decedent's debts, should be-
long to Mary O'Rear; that afterwards all the debts of said
decedent were paid so far as known, and after their payment,
more than enough of money remained in the hands of the ad-
ministrator, arising from such fund, to pay the note made by
Robert F. O'Rear to the appellant; that thereupon it was
agreed between the appellant Robert F. O'Rear and Mary
O'Rear, that the appellant should cause said lots to be con-

veyed to Mary O'Rear, and that the note should be paid with the money in the hands of Robert F. O'Rear, supposed to belong to Mary O'Rear; that, in pursuance of such agreement, Clinton Fleece conveyed the lots to Mary O'Rear, and Robert F. O'Rear paid with said money the note to appellant, who surrendered the same; that afterwards other creditors of said decedent compelled the sureties of said administrator, of which the appellant was one, to pay a claim of $256.60, and the other sureties afterward, to wit, on the 27th day of June, 1878, recovered a judgment against the appellant for $192.45, a part of the $450 so paid by Robert F. O'Rear, upon the note of appellant as aforesaid, to reimburse them for the amount so paid by them upon said claim; that afterwards the appellant fully paid said judgment, principal, $192.45, interest, $31.30, and costs, $22.35, in all, $246.10; that the purchase-money of said realty has not been paid otherwise than as above stated; that sufficient assets of said decedent had come into the administrator's hands with which to pay all of the decedent's debts, and leave a surplus of more than $450, which the administrator had converted to his own use, but of which the appellant and Mary O'Rear were ignorant when said arrangement was made; and that said Mary O'Rear agreed to the application of said sum to the payment of said realty, upon the condition that it should be conveyed to her.

Upon the foregoing facts, the court concluded, first, that there was due and unpaid upon said note the sum of $246.10, for which the appellant was entitled to judgment against Robert F. O'Rear; and, second, that the appellant was not entitled to a lien upon said real estate.

The appellant excepted to these conclusions of law, and Robert F. O'Rear excepted to the first conclusion of law.

The questions raised by these exceptions are of easy solution. The application of money, which did not belong to either Robert F. O'Rear or Mary O'Rear, in payment of appellant's note, did not operate as a payment. When the appellant was compelled to pay the money to the persons to

whom it belonged, the note, though surrendered, remained in force precisely as though the application had never been made. The application of money upon the note, that did not belong to the payor, neither transferred the title to the money, nor did it extinguish the note. This conclusion was reached by the court, and hence Robert F. O'Rear was liable for the balance due upon the note.

As the note was given for the purchase-money of the lots, and as it remains unpaid, of which Mary O'Rear had notice when she accepted the conveyance, we know of no reason why the appellant can not enforce his lien upon the land against her. Where a husband purchases real estate, executes his note for the purchase-money, and causes the real estate to be conveyed to his wife, the vendor has a lien upon the land for the purchase-money. *Martin* v. *Cauble*, 72 Ind. 67; *Humphrey* v. *Thorn*, 63 Ind. 296.

The fact that the appellant was only the equitable owner of the land, did not deprive him of the right to enforce a vendor's lien for the purchase-money. *Johns* v. *Sewell*, 33 Ind. 1.

The money applied upon the note, and subsequently recovered from the appellant, did not belong to Mary O'Rear, nor had the husband any authority to apply it upon the note in suit, and, therefore, the note was unpaid at the time the conveyance was made to Mary O'Rear, of which she had notice. Under these circumstances, she took the land burdened with the lien, precisely as though no payment had been attempted to be made.

The fact that the husband may have been liable to the appellant for such portion of the $256.60, which he was compelled to pay to the creditors of the decedent, does not preclude him from recovering such portion of the $450 received upon his note, which he was compelled to refund to his co-sureties, to reimburse them for such portion of the $250.60 they were compelled to pay. The husband was liable to all the sureties, but this was not their only remedy. They could

subject the assets of the estate, in the hands of any person with notice, to the payment of their claim. *Fleece* v. *Jones*, 71 Ind. 340.   This the other sureties did, and when they compelled the appellant to refund a portion of the money paid him, he had the undoubted right to treat his note as unpaid, and enforce, if necessary, his lien for purchase-money.   He may also have had the right to treat the whole sum paid by the sureties as having been paid by him, and to hold the administrator for the amount; but, clearly, he was not compelled to pursue this remedy.   Nor does the fact, if such is the fact, that he is liable upon the administrator's bond, preclude him from recovering in this action.

Upon the facts found, we think the court erred in its second conclusion of law, and, for this reason, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to state conclusions of law thereon in favor of appellant, for the sum of $192.45, with interest thereon from the 27th day of June, 1878, and that the lots in the complaint described are subject to sale upon execution to satisfy the same, in the event that no property of Robert F. O'Rear can be found with which to satisfy the same.