No. 10,800.

## BAKES v. GILBERT ET AL.

HUSBAND AND WIFE.—*Married Woman.—Infancy.—Conveyance.—Pleading. —Mortgage.*—Suit against husband and wife to foreclose a mortgage given in 1872. Answer by the wife, that when she executed the mortgage she was an infant, without alleging that the land was her separate property, or that her husband was an infant.

*Held,* that the answer was bad on demurrer because of section 2943, R. S. 1881.

SAME.—*Vendor's Lien.—Waiver.*—Taking the note of a husband for land conveyed to his wife is not a waiver of the vendor's lien.

SAME.—*Vendor and Vendee.*—An insolvent husband, whose wife had taken a conveyance of land without any valuable consideration save an agreement to satisfy a vendor's lien for unpaid purchase-money, of which she had notice, induced the original vendor to take his note and a mortgage of the land in due form, apparently executed by himself and wife, but which she never executed, and she was besides an infant, of which the mortgagee was ignorant.

*Held,* that there was no waiver of the vendor's lien, and that it could be enforced.

From the Switzerland Circuit Court.

*W. D. Ward* and *T. Livings,* for appellant.

HAMMOND, J.—Action by the appellant against the appellees. The appellant's complaint, in the first instance, was in one paragraph, upon a mortgage purporting to have been executed by the appellees to secure the payment of a note given by the appellee Samuel A. Gilbert. The appellees were husband and wife. The appellee Alice answered in three paragraphs: 1. The general denial. 2. Infancy. 3. *Non est factum,* under oath.

The appellant demurred to the second paragraph of her answer for want of facts, etc., but his demurrer was overruled. An exception was taken, and this ruling is assigned as error. The demurrer should have been sustained.

The mortgage is dated March 29th, 1872. Since April 13th, 1866, it has been competent for an infant wife of an adult husband to join with him in the conveyance of his real

estate. Section 2943, R. S. 1881. The plea of infancy in this case did not aver that the real estate was the separate property of the wife, nor that the husband, at the time of the execution of the mortgage, was a minor. One of these aver-ments, in addition to that of the wife's infancy, was essential to make the second paragraph of her answer good.

After the overruling of his demurrer to the second paragraph of Alice's answer, the appellant, by leave of court, filed two additional paragraphs to his complaint, numbered as the second and third paragraphs. The facts stated in the second paragraph were substantially as follows:

The appellant, October 4th, 1869, conveyed the real estate described in the mortgage to one Eliza Ridgeway, a married woman, for $350. One hundred dollars was paid, and the appellant acquired and retained a vendor's lien for $250, the balance of the purchase-money. On March 22d, 1872, Mrs. Ridgeway conveyed the real estate to the appellee Alice, who had notice of the unpaid purchase-money, and who assumed its payment as the consideration for the deed to her. The appellee Samuel A. Gilbert, who was then and has since been notoriously insolvent, executed to the appellant the note de-clared on in the first paragraph of the complaint for $267.58, being the balance of principal and interest due from Mrs. Ridgeway for purchase-money, and also delivered to the appellant, as security for the payment of the note, the mort-gage described in the first paragraph of the complaint. The appellant accepted the mortgage in good faith. The appellee Alice, at the time the mortgage purported to have been execu-ted, was an infant, but this fact was unknown to the appel-lant when he accepted the mortgage.

The third paragraph of the complaint was the same as the second, except that it omitted the averment of Alice's in-fancy, and, in lieu thereof, alleged that she never executed the mortgage, a fact also unknown to the appellant when he accepted it.

The appellant sought by the second and third paragraphs

of his complaint to enforce his lien as vendor for the unpaid purchase-money of the real estate.

The appellees answered the second and third paragraphs of the complaint by the general denial, and by a special paragraph, which we think was good as a plea of payment, and that there was, therefore, no error in overruling the appellant's demurrer thereto. There was a reply in denial of the affirmative answers. Trial by the court. Finding for the appellant as against the appellee Samuel A. Gilbert on the note described in the first paragraph of the complaint, and for the appellees upon the mortgage and vendor's lien. Judgment accordingly. The appellant's motion for a new trial for causes, among others, that the finding was contrary to law and the evidence, and not sustained by sufficient evidence, was overruled. The ruling was excepted to, and such ruling is also assigned as error.

So far as the mortgage was concerned, the evidence abundantly sustains the finding of the court. It shows quite conclusively that at the time of its alleged execution the appellee Alice was a minor, and, further, that she never executed it. But we can not concur in the finding as to the appellant's lien for the purchase-money. The evidence shows that, in 1869, the appellant sold and conveyed the real estate to Mrs. Ridgeway, a married woman, who was the mother of the appellee Alice; that Mrs. Ridgeway was to pay the appellant for the land $350, for which she and her husband executed to the appellant two notes, one for $100 and the other for $250. The taking of these notes was not a waiver of the lien for the purchase-money. When they were given the note of a married woman, under the law, was void. The appellant, therefore, received only the notes of Mrs. Ridgeway's husband. The taking of the husband's note for land conveyed to the wife, where the wife is not bound by such note, is not a waiver of the vendor's lien. *Anderson* v. *Tannehill*, 42 Ind. 141; *Humphrey* v. *Thorn*, 63 Ind. 296; *Martin* v. *Cauble*, 72 Ind. 67; *Felton* v. *Smith*, 84 Ind. 485.

The $100 note was paid, but under the finding of the court the $250 note was not paid. In 1872 Mrs. Ridgeway and her husband conveyed the land to the appellee Alice. We think the evidence shows that Alice had notice that there was a balance of the purchase-money due the appellant from her mother, and that she agreed to pay it; but it is immaterial whether she had such notice or made such agreement, as the evidence shows that she paid nothing for the land, and was not to pay anything unless she did agree to pay the balance of the purchase-money due from her mother. In any event, under the evidence, the appellant's lien was not affected by the conveyance to Alice. The vendor's lien continues against purchasers with notice, or mere volunteers. *Amory* v. *Reilly,* 9 Ind. 490; *Case* v. *Bumstead,* 24 Ind. 429; *Johns* v. *Sewell,* 33 Ind. 1.

A few days after the conveyance by Mrs. Ridgeway and husband to the appellee Alice, the husband of the latter, the appellee Samuel A. Gilbert, gave to the appellant for the unpaid purchase-money due from Mrs. Ridgeway, his note, described in the appellant's complaint, and also delivered to the appellant the mortgage in controversy, purporting to have been duly executed, and its execution acknowledged, by both of the appellees. The appellant, in ignorance of Alice's infancy, or of the fact that she had not executed the mortgage, accepted it in good faith as security for said note of Samuel A. Gilbert, and surrendered to the latter said note of $250 given by Mrs. Ridgeway and her husband. At the time of giving said note said Gilbert was, and has since remained, insolvent. The taking of the note and mortgage from the appellees under the circumstances disclosed in the evidence was not a waiver of the appellant's lien for the unpaid purchase-money of the land conveyed by him to Mrs. Ridgeway and by her conveyed to the appellee Alice. *Fouch* v. *Wilson,* 60 Ind. 64 (28 Am. R. 65).

Other proceedings complained of need not be noticed, as their recurrence at another trial is improbable.

The trial court erred in overruling the appellant's motion for a new trial.

Judgment reversed, at the appellees' costs, with instructions to the court below to sustain the appellant's motion for a new trial, and also to sustain his demurrer to the second paragraph of the appellee Alice's answer to the first paragraph of the complaint, and for further proceedings in accordance with this opinion.

Filed Jan. 22, 1884.