Lord *et al. v.* Wilcox.

No. 11,796.

## LORD ET AL. *v.* WILCOX.

99  491
156  619

VENDOR'S LIEN.—*Enforcement of.—Complaint.—Demurrer.*—In a suit to en-
.force a vendor's lien on real estate, by the vendor against the heirs at
law and personal representatives of the deceased vendee, the complaint
is sufficient to withstand a demurrer thereto, for the alleged want of facts,
if it be stated therein that the debt sued for is for the purchase-money, in
whole or in part, of the real estate described, and that such debt remains
due and unpaid.

SAME.—*Insolvency of Vendee.—Decree.*—Ordinarily, in such a suit, the com-
plaint is sufficient without any averment of the vendee's insolvency, or
that the vendee has no other property, subject to execution, whereof any
part of the debt can be made. But where such an averment is not found
in his complaint, the plaintiff is not entitled to a decree for the sale of
. the land in the first instance, to satisfy his debt, but only to a decree
that if no other property of the defendant can be found subject to sale on
execution, the land shall be sold to satisfy his debt.

SAME.—*Administrator of Deceased Vendee.—Proper Party.*—Where, after the
death of the vendee, suit is brought to enforce a vendor's lien, the ad-
ministrator of the deceased vendee is a proper party defendant, and where
such vendee, at the time of his death, is possessed of other property sub-
ject to execution, his administrator is also a necessary party defendant.

SAME.—*Former Adjudication.—Estoppel.—Heir and Creditor.—Administrator's
Petition.*—Where the vendor of real estate is an heir at law of the de-
ceased vendee, and as such heir, and in no other character, is made a
party to the petition of such decedent's administrator for an order to sell
the real estate, the adjudication upon such petition will not estop the
vendor, as a creditor of the decedent, from maintaining a suit for the
enforcement of his vendor's lien on the real estate, for the general rule
is, that judgments conclude the parties only in the character in which
they sue or are sued.

SAME.—*Waiver.—Acceptance of Notes of Third Persons.—Agreement of Parties.*
—Ordinarily, the acceptance by the vendor of real estate of the notes
of a third party for the amount of ·the unpaid purchase-money is a
waiver of his equitable lien on the land as a security for the payment of
such purchase-money; but it is competent for the parties to agree that,
by his acceptance of such notes, the vendor does not waive his equitable
lien on the land, and that the land is and shall continue to be good to
the vendor, as a security for the payment of the purchase-money.

PRACTICE.—*Weight of Evidence.—Supreme Court.*—The Supreme Court will
not disturb the finding nor reverse the judgment of the trial court on
the weight of evidence.

From the Madison Circuit Court.

*M. S. Robinson,* J. *W. Lovett* and *M. A. Chipman,* for appellants.

*H. D. Thompson* and *T. B. Orr,* for appellee.

HOWK, J.—This was a suit by the appellee Elizabeth Wilcox against the appellants, as the heirs at law and the administrator of the estate of Ann C. Allen, deceased, for the enforcement of a vendor's lien against certain real estate in Madison county. The cause was put at issue and tried by the court, and a finding was made for the appellee in the sum of $1,580.67, and for the enforcement of her vendor's lien on and against the real estate described in her complaint, to pay and satisfy the said sum of money and the costs of suit. Over the appellants' motion for a new trial the court rendered judgment and decree in favor of the appellee, in accordance with its finding.

Errors are assigned here by the appellants which call in question the decisions of the circuit court in overruling their demurrers to each paragraph of appellee's complaint, and in sustaining appellee's demurrer to the third paragraph of McCullough's separate answer, and in overruling their motion for a new trial.

Appellee's complaint contained two paragraphs, to each of which the appellants' separate demurrers for the want of sufficient facts were overruled by the court. In the first paragraph of her complaint, the appellee alleged that, on May 28th, 1878, she sold and conveyed by a deed of general warranty the northeast quarter of the northwest quarter of section 21, in township 19 north, of range 7 east, in Madison county, Indiana, to Ann C. Allen, then in life but since deceased, intestate, for the price and consideration of $1,500; that Ann C. Allen was the owner, and in possession, of such real estate at the time of her death in 1880; that she left surviving her, as her only heirs at law, her children Esther Lord and Elizabeth Wilcox, her grandchildren Esther Allen, Howard Allen and Electa Allen, and her husband William

B. Allen, who had since died intestate, leaving as his only heirs at law the aforesaid children and grandchildren; that at the time of the sale and conveyance of such real estate to her, and as an inducement thereto and part consideration therefor, the said Ann C. Allen agreed that the said purchase-money should be and remain a lien upon such real estate, and that the land should be and remain liable for the payment of such purchase-money until the same should be fully paid; that there had been paid thereon the sum of $342, and that the residue thereof, with interest, remained due and unpaid in the sum of $1,700; that said Ann C. Allen did not leave sufficient property at the time of her death, and her estate was not then sufficient to pay the claims against the same, and the liens and encumbrances on the real estate, of which she died seized; that the appellant McCullough, as administrator of the estates of said Ann C. Allen and William B. Allen, was wrongfully denying appellee's right to enforce her lien for purchase-money against such real estate; that her right to have and hold a vendor's lien for such unpaid purchase-money against such real estate was paramount to any right of said administrator thereto, and she made him a defendant to answer as to his right and interest in and to such real estate. Wherefore, etc.

The second paragraph of complaint is substantially the same as the first paragraph, except that it omits the averment in the first paragraph in regard to the alleged agreement of Ann C. Allen at the time of the sale and conveyance to her of the real estate.

Several objections are urged by appellants' counsel to the sufficiency of the facts stated in each of the paragraphs of appellee's complaint. Counsel say: "We submit that a complaint to enforce and foreclose a vendor's lien must state affirmatively all facts entitling the party to the equitable relief. It must clearly show that the party seeking such relief has no remedy at law; that he has taken no security or pledge of any other property and has done no act which would op-

erate as a waiver of the equitable lien; or, if any other security has been taken, that by the express agreement of the parties the lien was not waived but retained." Counsel have referred us to no authority, and we know of none, which supports their views in regard to the facts, which must be shown in such a complaint as that of the appellees in this case. Where real estate is sold and conveyed, and the purchase-money or any part thereof remains unpaid, when these facts are stated by the vendor, he shows that he is entitled to and has the lien of a vendor in equity on such real estate, as a security for the payment of the unpaid purchase-money. If, by reason of any other facts, he has waived his equitable lien on the real estate, such facts may constitute possible matter of defence to be shown by the parties resisting the enforcement of such lien; but certainly the vendor need not negative the existence of any such facts in his complaint to enforce such lien.

Appellants' counsel also insist that appellee's complaint was bad on demurrer, because it contained no sufficient averment of the insolvency of the estate of Ann C. Allen, deceased. It was alleged substantially in each paragraph of the complaint that Ann C. Allen did not have sufficient property at the time of her death, and her estate was not then sufficient, to pay the claims against the same, and the liens and encumbrances on the real estate, of which she died seized. Whether or not these facts were sufficient to show that appellee was entitled to a decree, in the first instance, for the sale of the real estate, was a question not presented, we think, by the appellants' demurrers to the complaint; and, therefore, the complaint would have been sufficient, even if it had not contained any averment in regard to the other property of Ann C. Allen, or of her estate. In *Chandler* v. *Chandler*, 78 Ind. 417, it was said: "Ordinarily, in a suit to enforce a vendor's lien, the complaint is sufficient without averring that the defendant has no other property subject to execution, of which any part of the debt can be made. The only

effect of omitting that averment is that the plaintiff will not be entitled to a decree for a sale of the land in the first instance, to satisfy his debt; his decree, in such a case, will be for the sale of the land to satisfy his debt, in the event only that no other property of the defendant can be found subject to sale on execution." In the case in hand, the averments in each paragraph of the complaint, touching the other property of Ann C. Allen or of her estate, were sufficient to show the necessity for appellee's resort to the enforcement of her vendor's lien against the real estate, in the first instance, for the payment of the unpaid purchase-money, and, therefore, were sufficient to withstand the appellants' demurrers to such paragraphs of complaint.

Finally, it is claimed that the separate demurrer of the appellant McCullough, administrator of Ann C. Allen's estate, ought to have been sustained to each paragraph of the complaint. We do not think so. It is true that the appellee did not state, nor attempt to state, in either paragraph of her complaint, a cause of action against the appellant McCullough, nor did she demand any relief against him as such administrator. She made him a defendant to her suit, that he might answer as to his right and interest, as administrator, in the real estate described in her complaint. If he was not a necessary party, he was certainly a proper party to her suit, and, therefore, there was no available error in overruling his separate demurrer to either paragraph of the complaint. "If the decedent * * * had been possessed of other property, subject to execution, at the time of his death, then it might have been claimed very properly, we think, that the administrator of his estate was a necessary party defendant to this action." *Overly* v. *Tipton,* 68 Ind. 410.

Appellants' counsel next complain of the alleged error of the trial court in sustaining appellee's demurrer to the third paragraph of the separate answer of the appellant McCullough, as administrator of Ann C. Allen's estate. In this paragraph of his answer he admitted the purchase by Ann C.

Allen of appellee of the land described in her complaint, but said that theretofore, upon his proper petition, appraisement and additional bond, as such administrator, and after due notice as required by law, he was ordered and directed by the court below, as such administrator, to sell the real estate aforesaid to make assets in his hands to pay the debts of his intestate; that the appellee, Elizabeth Wilcox, was made a defendant to his said petition, and was duly notified of its pendency and of the time set for the hearing thereof, as required by law, and appeared to such petition before the order of sale was granted to him as aforesaid. Wherefore, etc.

Of this paragraph of answer appellants' counsel say: "We think this answer shows an adjudication of the appellee's right and interest in the land, and that, if she had any lien on the land, it must have been set up and litigated in the proceedings for a sale of the land, to which she was a party." It was not alleged in the answer, however, that appellee's lien was set up and litigated in the administrator's proceedings for a sale of the land, and, certainly, such lien was not necessarily involved in such proceedings. So far as the answer shows, the appellee was a party to the administrator's proceedings only as an heir, and not as a creditor, of his decedent. "As a general rule, judgments conclude the parties only in the character in which they sue or are sued. Bigelow Estoppel, 65. This general rule is, we think, applicable to the proceedings relied on as an estoppel in this case." *Elliott* v. *Frakes,* 71 Ind. 412; *Armstrong* v. *Cavitt,* 78 Ind. 476; *Compton* v. *Pruitt,* 88 Ind. 171. The demurrer to the third paragraph of McCullough's separate answer was correctly sustained.

Under the error assigned by the appellants upon the overruling of their motion for a new trial, it is earnestly insisted by their counsel that the finding of the court was not sustained by sufficient evidence. The first point made by counsel in argument is, that "the evidence does not show that appellee owned the land described in the complaint," and con-

veyed by her and Andrew B. Wilcox, her husband, to Ann
C. Allen. It is true that no witness testified directly to the
fact that the land was the separate estate of the appellee, but
it is apparent from the entire record that such fact was not in
controversy, and was taken for granted, in the trial court.
The appellants admitted such fact in the affirmative para-
graphs of their answers, and they offered no evidence to the
contrary on the trial of the cause. The parol evidence in re-
lation to the payment of the purchase-money to the appellee
tended to prove that the land belonged to her, and not to her
husband, nor to her and her husband jointly. In this state
of the record, we can not say that there was no evidence be-
fore the court tending to prove that appellee owned the land
as she alleged, nor can we reverse the judgment for the want
of such evidence.

Appellants' counsel next insist that the evidence shows that
Ann C. Allen transferred and endorsed to appellee the notes
of William C. Fleming for the land, and thereby waived any
right to a vendor's lien, and did not, by an express agreement,
retain such lien. Upon this point the evidence shows that
when the appellee and her husband signed and acknowledged
the deed of the land to Ann C. Allen, and before the deliv-
ery of such deed, the said Ann C. Allen assigned and trans-
ferred to the appellee, on account of the purchase-money for
such land, two promissory notes each in the sum of $729, ex-
ecuted by one William C. Fleming to Ann C. Allen, and en-
dorsed and delivered to the appellee, upon her delivery of the
aforesaid deed. Did the appellee, by her acceptance of the
trsnsfer of Fleming's notes, waive her vendor's lien upon the
land as a security for the payment of the unpaid purchase-
money? The notes were not given, nor accepted, in exchange
for the land; they were not commercial paper, and hence the
endorsement and transfer thereof by Ann C. Allen did not
operate as a payment of her debt to the appellee for the pur-
chase-money of the land, in the absence of an express agree-

ment to that effect between her. and Ann C. Allen. The vendor's lien upon the land was an incident of the debt, and it continued in existence until the debt shall be paid or extinguished, unless it must be said from the evidence in the record that such lien has been waived by the appellee.

In *Hiscock* v. *Norton,* 42 Mich. 320, it is said: " The general doctrine relative to what is understood as the vendor's lien upon realty rests on the postulate that it is not equitable for one to absorb another's wealth without recompense ; and therefore, as between grantor and grantee the court will intend that the purchased estate was to be held for the unpaid purchase-money, unless circumstances are found which repel the presumption." In the case in hand, the suit for the enforcement of the vendor's lien was between the grantor and the heirs at law and administrator of the deceased grantee ; and, therefore, the appellants occupy no better or stronger position than the grantee would have done if the suit had been brought against her in her lifetime. Ordinarily, no doubt, the appellee's acceptance of the notes of William C. Fleming, as a security for the payment of the whole or a part of the purchase-money, would have been equivalent to a waiver of her vendor's lien on the land. But it was competent for the parties, we think, as the appellants' counsel concede, to agree that appellee's acceptance of the Fleming notes should not be equivalent to a waiver of her vendor's lien on the land, but that the land itself, notwithstanding her acceptance of such notes, should continue to be the security for the unpaid purchase-money.

Upon this point, the evidence was as follows: "After the deed was signed and acknowledged by Mrs. Wilcox and Wilcox, there were then two notes to be transferred or assigned to Mrs Wilcox, and either Mrs. Wilcox or Mr. Wilcox (they were all present) said this: ' Now, if Mr. Fleming does not pay, should not pay, these notes, what security have we for the payment for our land ? ' Mrs. Allen remarked, that the land would be good for it, and if it was not, she was good

anyhow.   The question came up, when Mrs. Allen went to sign her name on the back of the notes, * * * that was after the deed was signed.   It was delivered after the notes were endorsed; they were all laid on the table there, and each one took her papers."

From this evidence the court was justified in finding, we think, as it must have done, that the parties, grantor and grantee, agreed at the time of the conveyance of the land, that appellee's acceptance of the Fleming notes should not be a waiver of her vendor's lien on the land, and that the land should be good to her as a security for the payment of the purchase-money.   At all events, we can not disturb the finding of the court, on the point under consideration, upon the evidence.   Of course, the endorsement of the notes by Ann C. Allen, in May, 1878, when she was a married woman, merely operated to transfer her title to the notes and did not bind her as a contract, nor subject her to the ordinary liabilities of an assignor of such paper.   *Mathes* v. *Shank*, 94 Ind. 501.

It is also urged by appellants' counsel, that the evidence fails to show that the money could not be made out of the judgment against Fleming, but, on the contrary, shows that he still is solvent, unless compelled to sacrifice his property. Touching the solvency of Fleming, there was some conflict in the evidence; but there was evidence before the court tending to prove that he was insolvent, that an execution on the judgment had been returned unsatisfied, and that no diligence on the part of appellee would have been availing to collect the money from him.   We can not disturb the finding of the court upon the evidence on this point.

It is further claimed by appellants' counsel, that the evidence shows that the account for purchase-money sued on had been merged in a judgment against Fleming, and could not be the foundation of an action.   A careful examination of the record has not enabled us to discover any evidence tending to prove a merger of the account for purchase-money,

now in suit, in any judgment against Fleming or any other person.

We have found no error, in the record of this cause, which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Jan. 3, 1885.