Kennedy v. Hudkins.

No. 17,229.

KENNEDY v. HUDKINS.

QUIETING TITLE.—*By Widow who, While an Infant, Had Joined with Her Husband in its Conveyance.—Complaint.*—In an action by a widow to quiet her title to certain real estate, in the conveyance of which she had joined with her husband, while she was under twenty-one years of age, the complaint is insufficient, which fails to allege that at the time of the execution of the deed the husband was also a minor.

REAL ESTATE.—*Conveyance.—Joinder of Infant Wife with Husband.*— An infant wife may lawfully join with her adult husband in the conveyance of his real estate, in the same manner as she would be authorized to do if she were over twenty-one years of age.

From the Fulton Circuit Court.

*I. Conner* and *W. W. McMahan*, for appellant.

*E. Myers, G. W. Holman* and *R. C. Stephenson*, for appellee.

JORDAN, J.—The facts, as they appear from the allegations of the complaint, in this cause, are as follows: "That on December 16, 1881, the appellant was the wife of one Richard Hudkins, who was, at that time, the owner in fee of the real estate described in the complaint, situated in Fulton county, Indiana; that on that day, being a minor, she joined with her said husband in a warranty deed conveying said lands to appellee; that she and her said husband acknowledged the instrument of conveyance in accordance with the statutory form prescribed for persons of full age; that she reached her majority on December 19, 1883; that after the execution of said deed her said husband died, leaving her surviving, as his widow; that on September 10, 1893, she disaffirmed the deed of conveyance in question. The complaint concludes with a prayer to quiet her title to one-third of the real estate, and for partition thereof.

A demurrer was sustained to the complaint for insufficiency of facts, and this action of the lower court is assigned for error. Since April 13, 1866, an infant wife of an adult husband has been empowered by statute to join with him in the conveyance of his real estate in the same manner as she would be authorized if over the age of twenty-one years. Section 3363, R. S. 1894, section 2943, R. S. 1881. *Applegate* v. *Conner*, 93 Ind. 185; *Bakes* v. *Gilbert*, 93 Ind. 70.

It will be observed that the complaint in the case at bar omits to aver that the husband, at the time of the execution of the deed in controversy, was also a minor; this was an essential fact to be alleged in addition to the infancy of the appellant, in order to constitute a cause of action in her. *Bakes* v. *Gilbert, supra.*

Infancy of the appellant's husband, at the date of the conveyance, can not be presumed, but must be averred and proven as one of the requisite facts or grounds for relief. *Boyd* v. *Fitch*, 71 Ind. 306; *McSweeney* **v.** *Mc-Millen*, 96 Ind. 298.

Appellant's complaint did not state a cause of action, and there was no error in sustaining the demurrer of appellee.

Judgment affirmed with costs.

Filed March 13, 1895.