## Scott *v.* Edgar et al.

[No. 19,793. Filed April 2, 1902. Rehearing denied June 6, 1902.]

Vendor and Purchaser.— *Vendor's Lien.*—Where a purchaser of
real estate who had paid nothing thereon, conveyed the same to
a third person upon the agreement of the parties that the first
purchaser should be released from his liability on account of the
purchase and the latter purchaser pay the consideration therefor,
the transaction was the same in legal effect as if the first vendor
had sold and conveyed the land to such third person, and he was
entitled to a vendor's lien for the unpaid purchase money. *pp.
39, 40.*

Same.— *Vendor's Lien.*—*Husband and Wife.*—Where a husband entered
into an agreement with the owner of real estate for the purchase
thereof and caused to be conveyed land owned by his wife in part
payment therefor, gave his note for the balance of the purchase
money and took the title of the real estate so purchased in the
name of his wife, the wife being a party to the transaction, was
bound, in the absence of fraud, to take notice of the terms and con-
ditions upon which the conveyance of the land was made to her.
*pp. 40, 41.*

Same.— *Vendor's Lien.*—*Acceptance of Note of Vendee's Husband.*—
*Waiver.*—The acceptance by a vendor of the note of the vendee's

Scott *v.* Edgar.

insolvent husband, payable in a bank in this State, for the balance of purchase money, did not amount to a waiver of a vendor's lien. *pp. 41, 42.*

From Rush Circuit Court; *D. A. Myers,* Judge.

Action by James R. Scott against Sarah Edgar and husband for the enforcement of a vendor's lien. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337j Burns 1901. *Reversed.*

*S. L. Innis* and *W. G. Morgan,* for appellant.
*F. J. Hall,* for appellees.

Dowling, J.—This is an action upon a promissory note governed by the law merchant, and to enforce a vendor's lien upon land. The court sustained the demurrer of the appellee, Sarah Edgar, to the complaint, and rendered judgment against the plaintiff below. The ruling on the demurrer is the error assigned.

The material averments of the complaint are as follows: That on the — day of November, 1887, the defendant James P. Edgar, by his note, a copy of which is filed, marked A, promised to pay the plaintiff $325 and attorney's fees; and that there is due and unpaid on said note $450 as principal and interest, and $35 as attorney's fees; that in September, 1886, the plaintiff conveyed by deed, to one John F. Peck, the real estate in Rush county, Indiana, bounded as follows (describing it); that no part of the consideration for such conveyance was paid, and that Peck was insolvent; that, afterwards, Peck and Edgar proposed to the plaintiff that, if the plaintiff would release Peck from his liability on account of the said purchase, Peck would convey said land to James P. Edgar, and that the said Edgar would assign to the plaintiff certain "sale notes," the face and actual value of which was $1,500, and would also cause to be conveyed to the plaintiff seventeen and one-half acres of land owned by the defendant Sarah Edgar, the wife of the said James P., at an agreed valuation of $1,050;

and that the plaintiff accepted the said proposition; that, afterwards, James P. Edgar represented to the plaintiff that he had only $1,175 of collectible notes, which he could turn over, but that, to make up the deficiency, he would execute his own note to the plaintiff for $325, to which modifi: cation of the agreement of sale the plaintiff consented; that, at the request of the said James P. Edgar and Sarah Edgar, Peck and his wife then and there conveyed the premises so held by Peck to the said Sarah Edgar; that Edgar and his wife thereupon conveyed to the plaintiff the seventeen and one-half acres, as they had agreed to do, and that James P. Edgar executed to the plaintiff his note for $325 for the deferred payment; that, at the time said note was executed, James P. Edgar was insolvent, ever since has remained so, and has never owned any property subject to execution. The complaint does not allege that the "sale notes" amounting to $1,175 were turned over by James P. Edgar to the plaintiff, but it may be assumed that they were, in fact, so delivered. The appellant had been paid nothing by Peck, and the whole consideration for the conveyance to Mrs. Edgar, by the agreement of all the parties, was payable to him; so that the entire beneficial interest in the land was in him.

In legal effect, the transaction described in the complaint was the same as if the appellant himself had sold and conveyed the Peck land to Mrs. Edgar, and had taken the note of her husband for the unpaid balance of the purchase money. *Martin* v. *Cauble,* 72 Ind. 67; *Fleece* v. *O'Rear,* 83 Ind. 200; *Felton* v. *Smith,* 84 Ind. 485; *Bakes* v. *Gilbert,* 93 Ind. 70; *Upland* v. *Ginn,* 144 Ind. 434, 55 Am. St. 181; *Otis* v. *Gregory,* 111 Ind. 504; *Smith* v. *Mills,* 145 Ind. 334.

Mrs. Edgar was one of the parties to the transaction, and, in the absence of fraud, which is not asserted, she was bound to take notice of the terms and conditions upon which the conveyance of the land was made to her. *Humphrey* v.

*Thorn,* 63 Ind. 296; *Pylant* v. *Reeves,* 53 Ala. 132, 25 Am. Rep. 605. As a part of the purchase money for the land conveyed to Mrs. Edgar remained unpaid, the appellant had a vendor's lien to secure the payment of such unpaid balance unless the lien was extinguished by his acceptance of the note of the insolvent husband payable at a bank in this State.

It is insisted by the appellee that the taking of the note of the husband of Mrs. Edgar operated as a payment of the balance of the purchase money for the land, and as a waiver of the vendor's lien. *Haskell* v. *Scott,* 56 Ind. 564; *Smith* v. *Bettger,* 68 Ind. 254, 34 Am. Rep. 256; *White* v. *Carlton,* 52 Ind. 371; *Alford* v. *Baker,* 53 Ind. 279; *Sutton* v. *Baldwin,* 146 Ind. 361; *Nixon* v. *Beard,* 111 Ind. 137; and *Teal* v. *Spangler,* 72 Ind. 380, are cited in support of the appellee's views.

These cases, with many others to the same effect, were considered in *Bradway* v. *Groenendyke,* 153 Ind. 509, in which it was held that *Smith* v. *Bettger, supra,* and *Teal* v. *Spangler, supra,* were, in effect, overruled by the decision in *Jouchert* v. *Johnson,* 108 Ind. 436. In the last named case, the court, by Mitchell, J., said: "The transaction is to be inspected in all its parts, and the intent of the parties, as discovered from all the circumstances, is to control in its interpretation. Thus it is uniformly held, that the presumption of payment, which ordinarily arises from the giving of a note governed by the law merchant, will be controlled when its effect would be to deprive the party who takes the note of a collateral security, or any other substantial benefit. In such cases the presumption of payment is rebutted by the circumstances of the transaction itself. 2 Daniel, Neg. Inst., §§1260, 1266b, 1267; 2 Jones, Mort., §924; *Reeder* v. *Nay,* 95 Ind. 164." See, also, *Bunker* v. *Barron,* 79 Me. 62, 8 Atl. 253, 1 Am. St. 282; *Cotton* v. *Atlas Nat. Bank,* 145 Mass. 43, 12 N. E. 850.

Applying the rule here stated to the facts of this case, no presumption of payment arose from the giving of the note of James P. Edgar for the balance of the purchase money due to the appellant, for the reason that the effect of such presumption would be to deprive the appellant of the benefit of his lien on the land. It cannot reasonably be supposed that the parties to the transaction intended the giving of the note to have this effect.

Under the allegations of the complaint the appellant was entitled to the enforcement of his vendor's lien against the land conveyed to Mrs. Edgar, and the court erred in sustaining the demurrer to that pleading.

Judgment reversed, with instructions to the court to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.