## Mulky v. Karsell et al.

[No. 4,403.   Filed November 5, 1903.]

Vendor and Purchaser.—*Vendor's Lien.*—The right to a vendor's lien does not depend upon the transfer of a perfect legal title, nor is a conveyance to the person making the purchase essential thereto.  *p. 596.*

Pleading.—*Remedy for Defective Statement.*—The remedy for a defective statement in a complaint of a material fact is by motion to make more specific, not by demurrer.  *p. 596.*

Vendor and Purchaser.—*Vendor's Lien.—Enforcement.—Complaint.* —It is not necessary in a complaint to enforce a vendor's lien to negative the existence of facts amounting to a waiver of the lien. *p. 596.*

Same.—*Vendor's Lien.—Complaint.—Subsequent Purchasers.—Notice.*— It is necessary in a suit to enforce a vendor's lien against subsequent purchasers to allege that the purchasers had notice of plaintiff's equity.  *p. 597.*

Same.—*Vendor's Lien.—Assignment.*—The general assignment of a purchase-money note carries with it the lien, and the assignee may thereafter enforce the same.  *p. 597.*

From Monroe Circuit Court; *W. H. Martin*, Judge.

Action by James B. Mulky against James Karsell and others.   From a judgment for defendants on demurrer to complaint, plaintiff appeals.   *Reversed.*

*R. A. Fulk*, for appellant.
*J. E. Henley*, for appellees.

Roby, J.—To appellant's complaint seeking to have a vendor's lien declared, a demurrer for want of facts was sustained.   He refused to plead further, a judgment was rendered against him for costs, and he appeals.

The pleading is extremely inartistic.   It is therein averred that on May 8, 1890, the Bloomington Oolitic Stone Company executed its promissory note, payable nine months after date, for the sum of $150, to the order of Robert Marshall; "that said money was given for the unpaid purchase money for lots sixteen, twenty-three, and twenty-four in East's and Marshall's addition to the city

of Bloomington." It is further averred that said payee indorsed said note to plaintiff; that it is due and unpaid. The stone company is not a party to the action. It is averred to be insolvent, and to have no property subject to execution. It is not, in terms, stated that Marshall owned the lots, or that they were conveyed to the stone company. The substance of the facts relied upon in so far as the right to the lien is involved, is that the note sued upon was given for the unpaid purchase price of the land described, and that it is due and unpaid.

The right of the vendor's lien does not depend upon the transfer of a perfect legal title. *Johns* v. *Sewell,* 33 Ind. 1; *Fleece* v. *O'Rear,* 83 Ind. 200. Nor is its conveyance to the person making the purchase essential thereto. *Fleece* v. *O'Rear, supra; Martin* v. *Cauble,* 72 Ind. 67; *Humphrey* v. *Thorn,* 63 Ind. 296; *Scott* v. *Edgar,* 159 Ind. 38.

The execution of a note for the unpaid purchase price of real estate presupposes a conveyance. "It is unpaid purchase money that creates and sustains the lien." *Nichols* v. *Glover,* 41 Ind. 24; *Nutter* v. *Fouch,* 86 Ind. 451.

"Where real estate is sold and conveyed, and the purchase money or any part thereof remains unpaid, when these facts are stated by the vendor, he shows that he is entitled to and has the lien of a vendor in equity on such real estate, as a security for the payment of the unpaid purchase money." *Lord* v. *Wilcox,* 99 Ind. 491; *Fleece* v. *O'Rear, supra; Scott* v. *Edgar, supra.*

The remedy for a defective statement in a complaint of a material fact is by motion to make more specific, and not by demurrer. *Frain* v. *Burgett,* 152 Ind. 55; *Louisville, etc., R. Co.* v. *Bates,* 146 Ind. 564; *City of Connersville* v. *Connersville Hydraulic Co.,* 86 Ind. 235.

It was not necessary to appellant's cause of action that he negative the existence of facts amounting to a waiver of the lien. *Lord* v. *Wilcox, supra.*

It was necessary, the action being brought against subsequent purchasers, to charge them with notice of appellant's alleged equity. *Richards* v. *McPherson,* 74 Ind. 158; *Gaar* v. *Millikan,* 68 Ind. 208. The averments made in that respect are as follows: "That thereafter said Collins & Karsell sold and conveyed each of said lots to the defendants Henleys, who now own the same, who also had full knowledge that said plaintiff held said note, and that the same was unpaid, and that the maker was insolvent, and that the same was given for the unpaid purchase money of said lots."

The general assignment of the evidence of the debt incurred for purchase money carries the lien with it, and the assignee may thereafter enforce the same. *Smith* v. *Mills,* 145 Ind. 334; *Felton* v. *Smith,* 84 Ind. 485; *Midland R. Co.* v. *Wilcox,* 122 Ind. 84-91.

The facts stated were sufficient as against the demurrer. The judgment is reversed and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent herewith.

Robinson, C. J., Henley, Black, and Wiley, JJ., concurring; Comstock, J., absent.