Harvey *v.* Kelly et al.

---

## S. P. HARVEY *v.* F. S. KELLY *et al.*

1. VENDOR'S LIEN: MAY BE ENFORCED WHEN ANYTHING ELSE THAN MONEY IS AGREED TO BE PAID.—When specific articles are agreed to be paid for the purchase of real estate, the vendor, upon the failure of the vendee to pay, may file his bill to enforce his equitable lien.

2. SAME: SAME: CASE IN JUDGMENT.—H. sold certain lands to K., who executed his note therefor for a certain sum of money. It was agreed at the time of the execution of the note, that it might be paid in lumber, at ten dollars per thousand feet. K. failed to pay the money or deliver the lumber. Held—That H. had a lien upon the land, and that the same was not waived by the agreement to receive lumber in payment of the note.

3. VENDOR AND VENDEE: EFFECT OF EXPRESS RESERVATION OF VENDOR'S LIEN IN DEED.—A deed expressly reserving the vendor's lien amounts to an equitable mortgage, and the rights of vendor and vendee depend on their contract, and not on the mere implication of law. *Stratton* v. *Gold*, 40 Miss. R. 778.

4. SAME: VENDOR'S LIEN: TO CREATE MUST BE FIXED AMOUNT DUE TO VENDOR.—To create a vendor's lien there must be a debt for unpaid purchase-money to a fixed amount due directly to the vendor; if the obligation of the vendee consist of a collateral covenant, or be for the discharge of a liability to a third party, no lien is retained when the conveyance is absolute. *Patterson* v. *Edwards*, 29 Miss. R. 67.

5. CHANCERY PLEADING: WRITTEN EVIDENCE AS EXHIBITS HOW SET FORTH.—Written evidence may be filed as exhibits and referred to as part of the bill or answer, but good pleading requires that the substance of such written evidence be set forth by proper averments.

Harvey *v.* Kelly et al.

APPEAL from the Chancery Court of Copiah county. Hon. John E. McNair, chancellor:

*Benjamin King*, for appellant, contended,

1. That the lien of the vendor is not affected by taking the note of the vendee payable in specific articles. *Plowman* v. *Riddle*, 14 Ala. R. 196.

2. The taking of security is a waiver of the lien unless otherwise expressly stipulated. *Way* v. *Patty*, 1 Carter, Ind. 102.

If it be contended that the agreement to receive lumber in payment of the note was in the nature of security (which it is contended it was not, but only a convenience in the mode of payment), yet the note expressly reserves the lien.

*H. B. Mayes*, for appellees, contended:

1. That appellant could not have two liens on the land; one as reserved by the deed of 28th October, and one growing out of the transactions of the 30th October. The special lien reserved in the deed is not insisted on in the bill; and it is shown by the written agreement of the parties, that the promise to pay in money was rescinded by the agreement to pay and receive lumber.

2. That when anything else than money is agreed to be paid, the vendor's lien does not attach, or where there is an exchange of property, or where the price sounds merely in damages. *Patterson* v. *Edwards*, 29 Miss. R. 67.

ELLETT, J., delivered the opinion of the court.

The appellant filed his bill in the Chancery Court of Copiah county to enforce a lien on certain land for the unpaid purchase-money. The bill alleges that complainant and the defendant Kelly were joint owners of the land in question, and that on the 28th of October, 1861, complainant sold his interest, which was one-half, to Kelly for the consideration of $2,520.22. The deed is filed as Exhibit A. That Kelly gave his note for the purchase-money, dated October 30th, 1861, which is filed as

Exhibit B, and that said note is unpaid, except $1,080, which is credited on it. That Kelly about the 6th of January, 1862, conveyed an undivided half of the land to Witham, who reconveyed it to Kelly, and that Kelly about the 2d of January, 1863, conveyed an undivided half of the property to A. J. Johnson. That Witham and Johnson respectively had notice before the said conveyances to them, that the said note for the purchase-money was executed for that purpose, and was still unpaid, except as to the credit above mentioned. The bill claims and seeks to enforce a vendor's lien on the property.

The deed filed as Exhibit A is dated October 28, 1861, but is acknowledged by the grantor on the 30th of October. It recites that the consideration is $2,300.70, and it contains an express reservation of a vendor's lien for the purchase-money.

The note filed as Exhibit B is dated October 30, 1861, the day on which the deed was acknowledged; is for the sum of $2,520.22, payable January 1, 1863, and recites on its face that it was given for the purchase-money of the land. Annexed to it is an agreement between Kelly and complainant, that the money shall be paid in lumber, at ten dollars a thousand, delivered on the cars at Kelly's mill, the bill to be furnished by complainant three months before the maturity of the note.

A supplemental bill was filed to bring in the heirs of Johnson, who died before the service of the process, and amendments were made, alleging that complainant furnished Kelly bills for the lumber, in the time and manner specified in the agreement annexed to the note; and that Kelly has no property out of which the money could be made.

To the bill thus revived and amended, Kelly, Witham, and two of the heirs of Johnson demurred, for want of equity on the face of the bill; which demurrer was sustained, and the bill dismissed.

The ground assumed in argument in support of the judgment of the court below is, that the original agreement for a money consideration of $2,300.70, as expressed in the deed, was subsequently rescinded, and a new agreement substituted, by which lumber to the value of $2,520.22 was to be delivered in pay-

ment for the land; and that when anything else than money is agreed to be paid, the vendor's equitable lien does not exist.

It does not strike us that this is a correct view of either the facts, or the law of the case. On the contrary, the note is contemporaneous with the execution of the deed. The latter, it is true, bears date two days previously, and recites that the consideration was $2,300.70 cash, paid in hand; and at the close of it reserves a lien on the land for its security, reciting that the statement of its being paid was an error in fact. The note shows on its face that it was given for the purchase-money of the land, and it is for the payment of money absolutely. The addition of interest, from its date to its maturity, on the amount of the purchase-money, $2,300.70, would make the amount for which the note was given.

The agreement of the same date, written at the foot of the note, that the same should be paid in lumber, at a stipulated price, was a mere agreement as to the mode in which the money, for the mutual convenience of the parties, might be paid, and did not change the nature of the transaction. On failure to pay in the manner agreed upon, the debt was again payable in money, and the complainant was left in the full enjoyment of all his rights.

The vendor's lien being expressly reserved by stipulation in the deed, amounted to more than the equitable lien of the vendor, as implied by the law from the relation of vendor and vendee. It constituted an equitable mortgage as ruled by this court in the case of *Stratton* v. *Gold,* not yet reported; and greater prominence might, with much propriety, have been given in the bill to this view of the case. Where an express lien is thus reserved by the stipulations between the parties, the law does not raise the implied lien, and the rights of the parties depend on their contract, and not on the mere implication of law.

It is indeed admissible to a certain extent, in pleading in chancery, to file written evidence as exhibits, and to refer to them as a part of the bill or answer, but good pleading requires that everything that is material to the case should be set forth

in the pleading itself by proper averments.    This may be done in general terms, and the exhibit may be referred to for greater certainty as to particular details, but the pleading ought to contain the substance of the case.    It is unnecessary for us to say whether the bill in this case would have stood the test of a demurrer on the ground of its loose and indefinite statements, inasmuch as that question has not been presented to us.    Enough appears to show that the complainant has substantial rights of which he is deprived by the decree.

The case of *Patterson* v. *Edwards* (29 Miss. 67) is much relied on by the appellee's counsel as an authority in his favor; but we do not think it applicable to the case.    There the purchaser, in addition to the payment of a sum of money in cash, agreed also to take up certain notes of the vendor, held by a bank, and the question was, whether there was an implied lien in equity on the land as security for the performance of this agreement.    And this question was answered in the negative, because there was no debt for unpaid purchase-money to a fixed amount due directly to the vendor, but only a covenant by the vendee to pay the debts due by the vendor to the bank.    The present is a very different case, and would be so if no express lien had been reserved.

The decree allowing the demurrer, and dismissing the bill, is reversed, and the cause remanded, with leave to the adult defendants to file their answer within sixty days, and for proper proceedings against those who are under age.