## W. D. TERRY et al. *v.* ALLEN JONES.

1. CHANCERY—PLEADING—EXHIBITS—DEMURRER.—An exhibit merely referred to in the bill of complaint, and asked to be taken as a part thereof, does not constitute a part of the pleading in the cause, so as to aid a demurrer to a bill, which shows upon its face a *prima facie* case for equitable interposition.

2. CHANCERY—PLEADING—EVIDENCE.—A bill in equity is part of the pleading, and exhibits are evidence.

Appeal from the chancery court of Hinds county.

WATTS, J.

The facts appear in the opinion of the court.

*C. E. Hooker,* for appellants.

The assignee of a promissory note, made payable to order and indorsed in blank, cannot enforce the vendor's lien, as between the original vendor and vendee of the lands for which it was given, when the deed conveying the lands does not retain the vendor's lien, and the note does not specify for what consideration it was made. 40 Miss., 780; 6 How. (Miss.) 362; 25 Miss., 88; 3 Yerger, 84; 23 Miss., 124; 25 Miss., 103; 1 S. & M., 97; 1 Bland Ch. R., 522; 5 Ala., 365; 1 Paige, 20; 4 Wheaton, 256, 590.

*A. Burwell,* for appellee.

Peyton, C. J.:

The record of this case presents substantially the following facts: that Robert B. Cunningham and wife, on the 17th day of February, 1860, sold and conveyed certain lands in Hinds county to William D. Terry, for the sum of $12,675, of which $3,900 were paid in cash at the time of the sale to the said Cunningham, by the said Terry, who executed to said Cunningham his promissory notes for the balance of the consideration money; the last of which, for $4,680, was payable on the 1st day of January, 1862. This note was indorsed and delivered by said Cunningham, for valuable consideration, to Allen Jones, who filed his bill in equity to enforce an alleged lien on said lands for the payment of said note.

The bill alleges that said note was described in the deed of conveyance, by which a lien was reserved on the lands conveyed for the payment of the note, and that the complainant, as the owner and *bona fide* holder of said note, became entitled to enforce the lien upon said lands created by said deed of conveyance to secure the payment of the same. A copy of said deed is filed with the bill, and is prayed to be taken as a part thereof. By reference to the copy of the deed, it appears that no lien on the lands conveyed was reserved therein for the payment of the said note.

To this bill of complaint the defendants demurred, and the demurrer was overruled by the court. And hence, the cause comes here by appeal on the part of the defendants, who assign for error the action of the court below in overruling the demurrer.

The only question in this case is, does an exhibit merely referred to in the bill of complaint, and asked to be taken as a part thereof, constitute a part of the pleading in the cause, so as to aid a demurrer to a bill which shows upon its face a *prima facie* case for equitable interposition?

It is contended by counsel for the appellants, that a reference to, and prayer that an exhibit filed with the bill be taken as part thereof, make it as effectually a part of the bill as if it had been set out in *hic verba* therein. We do not

think so.   Pleading is one thing and evidence is another.
A bill in equity is pleading, and exhibits are evidence.   It is
indeed admissible to a certain extent, in pleading in chan-
cery, to file written evidence as exhibits, and to refer to them
as part of the bill or answer, but good pleading requires that
everything that is material to the case should be set forth in
the pleading itself by proper averments.   This may be done
in general terms, and the exhibit may be referred to for
greater certainty as to particular details, but pleading ought
to contain the substance of the case.   Harvey v. Kelly, 41
Miss., 493.   It is the pleading that makes the case for adju-
dication, and it is the evidence that sustains or defeats it
upon the final hearing.   The demurrer in this case is to the
pleading as presented by the bill, and not to the evidence
filed for its support; and as the bill upon its face presents a
*prima facie* case for equitable relief, a demurrer could not
properly be sustained to it, although there may be evidence
that would defeat the equity of the bill upon a hearing on
the merits.   No facts are properly in issue, unless charged in
the bill; and, of course, as a general rule, no evidence can
be offered of facts not stated in the bill; nor can relief be
granted for matters not charged, although they may be appa-
rent from other parts of the pleadings and evidence; for the
court pronounces its decision *secundum allegata et probata.*
Story's Eq. Pl., § 257; 1 Daniels Ch. Practice, 335, in note 4.

Where a bill in equity is substantially defective for want
of material averments, it cannot, upon demurrer, be eked
out by references to exhibits.   It must stand or fall upon its
own allegations.

In this case, the bill states that a lien was reserved in the
deed of conveyance by the the stipulations between the
parties; and, if this be true, the complainant is entitled to
the relief sought, and for the purposes of the demurrer, it is
admitted to be true; and, therefore, there is no error in the
action of the court below in overruling the demurrer.

The decree will be affirmed, and the cause remanded for
further proceedings, with leave to the appellants to answer
the appellee's bill within sixty days from this date.