## WINTERS ET AL. V. FAIN.

VENDOR'S LIEN: *For purchase price payable in services.*

Preddy executed to Fain the following note for a town lot, which Fain sold and conveyed to him by deed: " $250. August 5, 1879. Sixteen months after date I promise to pay to John Fain, for lot purchased of him this day, two hundred and fifty dollars, in fees as attorney for said Fain, provided his business amounts to so much; otherwise balance to be paid in currency. Chas. W. Preddy." *Held:* That Fain had in equity a lien on the lot for the amount of the note, and after maturity could entorce it against the lot in the hands of a purchaser from Preddy with notice of the note, for so much in currency as had not been paid in fees or otherwise.

APPEAL from *Lincoln* Circuit Court in Chancery.

Hon. J. A. WILLIAMS, Circuit Judge.

*D. H. Rousseau* for Appellants.

Preddy's answer was a set-off and counter-claim, and should have been denied by Fain. Not being so denied, Preddy was entitled to a decree for the amount claimed in his answer. *27 Ark., 490; 43 Ark., 427; Mansf. Dig., secs. 504–8.*

It was not necessary for Preddy to move for a decree. It was the duty of the court to render judgment on the counter-claim.

Winters, et al. v. Fain.

The note was not a lien on the land. None was expressed on the face of the note, or reserved in the deed, and this case falls within the rule in *Harris v. Hanie, 37 Ark., 348; 3 Mylne & K., 655.*

*J. M. Cunningham* and *U. M. & G. B. Rose* for Appellee.

It is objected that there was no reply to the counter-claim of Preddy. No reply was necessary, because Preddy had no counter-claim, but only an answer. Where the parties go to trial, and take evidence as though the issues were entirely made up, they cannot raise the objection to the imperfections of the pleadings for the first time in this court. *Hanks v. Harris, 29 Ark., 323; Stidham v. Matthews, Id., 658; St., L., I. M. & S. Ry. v. Harper, 44 Ark., 524; Sorrels v. Self, 43 Ark., 451; Healey v. Connor, 40 Ark., 352.*

Winters' plea of innocent purchaser is bad, because it does not deny notice down to the time of the payment of the purchase money. *Byers v. Fowler, 12 Ark., 286; Whiting v. Beebe, Id., 552; Duncan v. Johnson, 13 Id., 190; Gerson v. Pool, 31 Id., 87; Allen v. McGaughey, Id., 259; Pearce v. Foreman, 29 Id., 568; Miller v. Fraley, 21 Id., 35; Massie v. Enyart, 32 Id., 257; Tuley v. Ready, 27 Id., 102.* There is nothing in the point that the provision in the note allowing it to be paid in attorney's fees prevents the existence of the vendor's lien. That provision did not affect the nature of the obligation, but only gave an alternative method for its discharge. *Harvey v. Kelley, 41 Miss., 490.*

VENDOR'S LIEN: — For purchase money payable in services.

SMITH J. Fain alleged in his bill that he had sold and conveyed to Preddy a lot in Star City, for $500; whereof one-half was paid down, and for the remainder the following note was made: "250. August 5, 1879. Sixteen months after date I promise to pay to the order of John M. Fain, for lots

purchased from him this day, two hundred and fifty dollars, in fees as attorney for said J. M. Fain, provided his business amounts to so much; otherwise balance to be paid in currency. Chas. W. Preddy."

That $183 still remained due and unpaid on the note; and that Preddy had re-sold the land to Winters, who, however, had bought with full knowledge of the plaintiff's equities. The prayer was for judgment against Preddy and for a foreclosure of the vendor's lien.

Preddy answered, alleging, first, that Fain owed him $37.50 for rent, having occupied the premises three months after he had sold them; second, that Fain owed him $360.87 for attorney's fees; third, that Fain put into his hands for collection some claims on which his fees would have been $130.58, and had withdrawn them without cause; and fourth, that he knows not whether Winters bought with notice or not.

Winters, in his answer denied notice, but admitted in effect that he knew, at the date of his purchase, that the note copied above was outstanding, and that the consideration for its execution was the sale of the lot.

There was a reference to a master to take and state an account between Fain and Preddy. The master reported a balance of $156.86 due the plaintiff. This amount was reduced, on exceptions, by the sum of $25, and judgment was given for the residue, and the sale of the lot ordered.

The defendants have appealed, and now urge, as ground of reversal, that the plaintiff had no lien. He had made a deed, which contained no reservation of a lien. It is true that the vendor's equitable lien exists only as a security for the payment of purchase money, and not for the performance of an act, the non-performance of which gives rise to a claim for

unliquidated damages. Thus, in *Harris v. Hanie, 37 Ark., 348,* where one conveyed his farm for a specified quantity of cotton thereafter to be delivered by the vendee, it was decided that no lien arose from the transaction. Yet, it appears, from *Young v. Harris, 36 Ark., 162,* that if land is sold for a specific price in money, which it is agreed may be paid in personal services, or in the note of a third person, the lien may be enforced if the services are not rendered or the note is not delivered. And in *Harvey v. Kelley, 41 Miss., 490,* H. sold to K. certain lands, taking the note of the vendee for the purchase price. At the foot of the note was written an agreement that it might be discharged in lumber at a stipulated price. K. failed to pay the money, or deliver the lumber. And it was held that the lien was not waived by the agreement to receive lumber in payment.

It is further objected that the decree is wrong because Preddy's answer contained a set-off and counter-claim, which stood practically confessed, as no reply was filed. On the authority of *Gibbs v. Dickson, 33 Ark., 107,* we decline to allow Preddy any advantage from this slip in pleading. In that case it is said, the correct practice is to move the court for judgment upon the undenied plea; and that if the defendant fails to move, and goes to trial as if the issue was made up, he loses his advantage. Here Preddy permitted the cause to be referred to a master and afterwards to proceed to a hearing without objection.

Preddy was not prevented by the conduct of Fain from paying the note by professional services. Fain did not withdraw his business until after the maturity of the note. The note then became payable in currency alone, allowing Preddy compensation for services already rendered.

Decree affirmed.