FORSYTHE ET AL. *v.* BRANDENBURG.

[No. 18,766. Filed May 17, 1900.]

VENDOR AND PURCHASER.—*Vendors' Liens.—Husband and Wife.— Principal and Agent.*—The purchaser of real estate at an executor's sale procured the receipt of plaintiff, an heir and beneficiary, for the amount of her interest in the estate, under the agreement that he would pay the amount thereof to her with interest, or would deed her part of the real estate in payment thereof, which receipt the executor accepted in lieu of that amount of the purchase money. The purchaser sold the land to F. whose husband as her

agent had actual notice of plaintiff's claim before the deed was made and before any part of the purchase money was paid. *Held,* that the agreement giving the original purchaser the option of paying the purchase money in land did not prevent the enforcement of plaintiff's lien, and that the land was subject to said lien in the hands of the last purchaser.

From the Huntington Circuit Court. *Affirmed.*

*James M. Hatfield,* for appellants.
*Thomas G. Smith,* for appellee.

MONKS, J.—Action by appellee against appellants to enforce a lien against real estate.

Appellants' demurrer to the complaint for want of facts was overruled. Appellants filed separate answers to the complaint. Appellee filed replies to said answers. The demurrers of appellant, Harriet Forsythe, to two paragraphs of appellee's reply to said appellant's answer were overruled. The cause was tried by the court, and a special finding of facts made, and conclusions of law thereon stated, in favor of appellee, and, over a motion for a new trial, judgment was rendered against appellants, and the real estate ordered sold to pay the same.

The errors assigned call in question the first conclusion of law, the action of the court in overruling the demurrer to the complaint, in overruling the demurrers of appellant, Harriet Forsythe, to said paragraphs of the reply, and in overruling the motion for a new trial.

If the first conclusion of law was not erroneous, the court properly overruled the demurrer to the complaint, and the errors, if any, in overruling the demurrers to the paragraphs of reply were harmless.

It appears from the finding of facts that Moses Brandenburg, who was the father of appellee, Samuel E. Brandenburg, one of the appellants, and six other children, died testate, seized in fee simple of the real estate described in appellee's complaint. Said Moses Brandenburg by his last will, which was duly admitted to probate, gave a

legacy of $500 to appellee, and devised the real estate in controversy to his eight children. His executor, by order of court, sold said real estate for the payment of the debts of said deceased to one of the appellants, Samuel E Brandenburg, and by order of court executed to him a deed therefor. There was due of the proceeds of the sale of said real estate, after the payment of debts, and deducting the legacy of $500 given to appellee, the sum of $260 to each of said eight children. And there was due to appellee out of said proceeds said legacy of $500, making a total amount due her of $760. It was agreed between the executor, Samuel E. Brandenburg, one of the appellants, who was the purchaser of said real estate, and appellee, that if said Samuel would procure the receipts of appellee for said sum of $760, said executor would accept them in lieu of that amount of the purchase money for said real estate, and it was agreed that said Samuel would pay the same to appellee, with six per cent. interest, or would deed her a part of said real estate in payment thereof. Said appellee, pursuant to said agreement signed said receipts, and delivered them to said Samuel, who delivered the same to the executor, who accepted the same in lieu of that much purchase money. Said executor filed said receipts of said appellee for said $760, and received credit therefor in the settlement of said estate. Afterwards a written contract was executed by the appellee and said Samuel, which provided that said appellee "agreed" to let her share lay until the place is paid for, after which said Samuel agrees to pay her $760 with six per cent. interest, or deed her a part of the land for the amount." Several years after the date of said agreement said Samuel E. Brandenburg agreed to adjust said claim, and otherwise secure appellee, by executing two notes with one Marvin Brandenburg as security, one for $550, and one for $210, both to be secured by a mortgage upon another tract of land owned by said Samuel E. adjoining the tract described in the complaint; said notes were executed by said

Samuel E. and said Marvin, but said mortgage was never executed, and said notes never accepted by appellee. Said Samuel E. and Marvin Brandenburg were when they executed said notes, and ever since have been, and now are, insolvent, and said notes are worthless. Said appellee lived in two rooms in the dwelling-house on the real estate described in the complaint, furnished with her furniture, since a short time after her father's death, and still occupies the same as her home. Said Samuel has never conveyed appellee any part of said land, or otherwise paid any part of said indebtedness, except that in a settlement between them said Samuel E. was allowed by appellee $128 for her meals at his table, to be applied on the interest of said indebtedness. The total amount of said indebtedness of $760 and the interest thereon, less said $128, is due from said appellant Brandenburg. On February 5, 1898, appellant, Joseph Forsythe, for and on behalf of his wife and co-appellant, Harriet Forsythe, began to negotiate with said Samuel E. Brandenburg for the purchase of said land, and on February 7, 1898, at 7 o'clock in the evening, said Brandenburg executed a deed for said land to appellant, Harriet Forsythe, and after its execution she paid him $150 on said land, and assumed the payment of the Richards and Vergon mortgages. About noon on said day said Brandenburg and his co-appellants, Forsythe and Forsythe, arranged for an extension of time on a mortgage of the Aetna Life Insurance Company on said land, and paid the accrued interest thereon, and $45 commission, for such extension, and gave notes for the annual interest in advance, as a part consideration for the conveyance that was made in the evening of said day. Joseph Forsythe was the agent of his wife and co-appellant, Harriet Forsythe, in the negotiation for and purchase of said real estate, and while he was negotiating for the purchase of the same for his wife, and before anything was paid on said real estate, he was notified at two different times that appellee

held a claim against said Brandenburg and said land, and that she would not yield her possession of the dwelling-house thereon until she was paid; that at five o'clock and twenty minutes on February 7, 1898, and before the deed was executed and said $150 of purchase money paid, and before the assumption of the payment and settlement of the Richards and Vergon claims, appellee had filed her complaint in this case, and caused summons to issue thereon, and had also filed her *lis pendens* notice in said case, by which notice was given to all persons concerned that appellee had commenced suit in the Huntington Circuit Court, the object and purpose of which was to enforce a purchase money lien against said real estate for $1,000, which real estate was described in said notice.

Upon the facts found the court stated as a conclusion of law that appellee is entitled to recover the sum of $906.95, and that said sum is a lien on the land described in the complaint as against all the defendants in said cause, and that it is a paramount lien and claim to that of the appellant Harriet Forsythe by virtue of her deed or otherwise. The court did not err in this conclusion of law.

. The substance of the transaction between the executor, Samuel E. Brandenburg, and appellee was that appellee signed and delivered receipts for her legacy of $500 and $260, her share as devisee of the proceeds of the sale of said real estate, in all $760, and thereby released and satisfied her claim for said sum against said executor and the estate, in consideration of which said Brandenburg, the purchaser of said real estate, promised to pay her $760 of the purchase money for said land. When said transaction was completed said Brandenburg was indebted to appellee for said $760 of the purchase money, instead of the executor, and the executor and the estate had thereby paid appellee her legacy of $500, and her share of the proceeds of said land as devisee, amounting to $260. There was a lien on said real estate for said purchase money, and the same vested in her with

the promise by the purchaser to pay her said $760 of said purchase money. It is settled in this State that, under such circumstances, appellee was entitled to enforce a lien against said real estate for the amount of said purchase money remaining unpaid. *Upland Land Co.,* v. *Ginn,* 144 Ind. 434, 438, and cases cited; *Otis* v. *Gregory,* 111 Ind. 504; *Barrett* v. *Lewis,* 106 Ind. 120; *Dwenger* v. *Branigan,* 95 Ind. 221; *Boyd* v. *Jackson,* 82 Ind. 525; *Nichols* v. *Glover,* 41 Ind. 24.

It was said in *Otis* v. *Gregory, supra,* p. 513: "Equity has regard in such cases, as in others, for the substance, and not for the mere form. If, upon looking through the transaction, it appears that the debt which the party owes is in fact part of the purchase price of land, acquired in the transaction out of which the debt arose, a lien will be declared upon the land in favor of the person to whom such debt is due."

Mrs. Forsythe was not an innocent purchaser, for the reason that her husband, who was acting as her agent in making said negotiations and purchasing said land, received notice of appellee's claim before the deed was made, and before any part of the purchase money was paid. The real estate was therefore subject to said lien in her hands. *Hawes* v. *Chaille,* 129 Ind. 435, 436; *Strohm* v. *Good,* 113 Ind. 93; *Higgins* v. *Kendall,* 73 Ind. 522.

The fact that the purchaser, under the agreement with appellee, had the option of paying said purchase money by conveying a part of said real estate instead of paying the same in money, does not prevent the enforcement of the lien, neither did the agreement on the part of appellee to receive said real estate in payment of said indebtedness waive said lien. Warvelle on Vendors, 707; 28 Am. & Eng. Ency. of Law, 165, 166; *Harvey* v. *Kelly,* 41 Miss. 490, 93 Am. Dec. 267; *Deason* v. *Taylor,* 53 Miss. 697, 700; *Winters* v. *Fain,* 47 Ark. 493, 1 S. W. 711; *Plowman* v. *Riddle,* 14 Ala. 169, 48 Am. Dec. 92.

Whether or not, under the facts found, the *lis pendens* filed was constructive notice to appellant, Harriet Forsythe, is immaterial, for the reason that the finding shows that her husband, who was her agent in making said purchase and in negotiating therefor, had actual notice of appellee's claim before said purchase, while acting as her agent in conducting said negotiations. This was notice to said appellant, Harriet Forsythe. *Brannon* v. *May,* 42 Ind. 92, 101, and authorities cited; 1 Am. & Eng. Ency. of Law (2nd ed.), 1145.

The evidence, though conflicting on some points, is sufficient to sustain all findings necessary to uphold said conclusion of law.

Judgment affirmed.