ESSIG ET AL. v. PORTER.

[No. 9,559.    Filed May 31, 1916.    Rehearing denied October 26, 1916.
Transfer denied December 19, 1916.]

1. VENDOR AND PURCHASER.—*Remedies of Vendor.—Vendor's Lien.
   —Purchase Price of Realty.*—Where plaintiff, in an action to en-
   force a vendor's lien, after having purchased and paid for a tract
   of land and entered into possession, caused a deed of conveyance
   to be made directly from his vendor to his purchaser, he was en-
   titled to a vendor's lien for the purchase price, for when the
   actual vendor of realty holds only a title in equity and the con-
   veyance is made directly from the party holding the legal title
   in trust, a vendor's lien arises in favor of the actual vendor.
   p. 319.

2. BILLS AND NOTES.—*Promissory Note.—Construction.—Negotiabil-
   ity.*—An instrument promising to pay, for value received, a speci-
   fied sum of money and containing the expression "negotiable and
   payable" at a bank named, is a negotiable note, even though it
   does not contain the words "or order," "or bearer," or other like
   words of negotiability, since the wording of the note clearly
   shows that it was intended to be negotiable.   p. 320.

3. VENDOR AND PURCHASER.—*Remedies of Vendor.—Lien.—Waiver.*
   —Where one holding a vendor's lien accepted the vendee's note
   for the unpaid portion of the purchase price of land, he did not
   thereby waive his lien.   p. 321.

4. VENDOR AND PURCHASER.—*Vendor's Lien.—Notice to Purchaser.*
   —Where a grantee of land, the defendant in an action to enforce
   a vendor's lien, was present when her grantor gave her note, and
   knew of its execution and that it was for unpaid purchase money
   for the land involved, and that the note was unpaid at the time
   such land was conveyed to her, such grantee took the land with
   notice that it was subject to a vendor's lien in favor of the payee
   of the note.   p. 321.

5. VENDOR AND PURCHASER.—*Vendor's Lien.—Purchaser Without
   Notice.—Rights of Parties.*—A remote grantor may enforce his
   vendor's lien against a subsequent purchaser without notice, who
   is afterwards notified of the lien, to the extent of the purchase
   price unpaid by him at the time he receives notice.   p. 322.

6. APPEAL. — *Vendor's Lien. — Action to Enforce.—Conclusions of
   Law.—Failure to Except.—Effect on Appeal.*—Where, in an action
   to enforce a vendor's lien, the trial court found that land in the
   hands of a grantee was subject to a vendor's lien in favor of a
   remote grantor to the extent of the unpaid money due from such
   grantee, who neither excepted to the conclusions of law nor

made any motion to modify the judgment rendered thereon, it is unnecessary for the court on appeal to consider whether the grantee, who gave his note to his grantor for the unpaid portion of the purchase price, was an innocent purchaser as to the entire. purchase price, as any error in the conclusions of law in this respect would not be prejudicial to his immediate grantor, who is a coappellant. p. 322.

7. VENDOR AND PURCHASER.—*Vendor's Lien.—Enforcement.—Remedies of Vendor.—Judgment.*—Where, in an action to enforce a vendor's lien, it was found by the trial court that the grantor of the land involved knew at the time of the conveyance that it was subject to a vendor's lien, a judgment decreeing that the grantor pay into court a sufficient amount to satisfy the lien out of money in her possession derived from the sale of the land, and providing that she should be subject to citation and punishment for disobedience of the decree, was proper, since, in such a case equity will transfer the lien to the funds received from the sale of the land. p. 322.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Samuel J. Porter against Samantha P. Essig and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*O. H. Mendenhall* and *Christian & Christian,* for appellants.

*J. F. Neal* and *N. C. Neal,* for appellee.

IBACH, J.—This was an action by appellee against appellants to enforce a vendor's lien against certain real estate. The errors assigned in overruling appellant's demurrers to the complaint will not be discussed, since the arguments as to such errors are met by what will be said concerning the facts of the case as found by the court and its conclusions of law thereon.

In 1877 appellee owned forty acres of real estate in Hamilton county, in which Barbara Hertzler had a life estate. She and appellee agreed that if appellee would purchase a certain ten-acre tract of land in the vicinity, and construct on it a dwelling house, and convey it to her, she would release to him her life estate in the forty-acre tract, surrender possession of it to him, and

pay him the difference in value between the ten acres and dwelling house, and the life estate. Appellee purchased the ten acres, entered into possession, and built the house in accordance with his agreement, and then had the deed of conveyance made directly from the former owners to Mrs. Hertzler, and she surrendered her life estate in the forty acres to him, and was indebted to him on account of the excess of the value of the ten-acre tract and cost of the dwelling house which had been paid by him.

This was sufficient to cause to exist in appellant's favor a lien against the ten-acre tract of land for the purchase price. When the actual vendor holds only a title in equity, and the conveyance is made directly from the party holding the legal title in trust, a vendor's lien arises in favor of the actual vendor. "Where a purchaser has paid the whole purchase-money, he is, in equity, regarded as the real owner of the land for every purpose. He is so in very substance, and a conveyance to him is but a compliance with a form of law. It would be a surprising doctrine, that a court of equity would so stick upon form, in utter disregard of right, as to deny to him the implied lien for purchase-money, which it would give if he had held also the legal title." *Johns* v. *Sewell* (1870), 33 Ind. 1, 4. See, also, *Dwenger* v. *Branigan* (1884), 95 Ind. 221; *Otis* v. *Gregory* (1887), 111 Ind. 504, 515, 13 N. E. 39.

In 1896 the amount owing by Barbara Hertzler to appellee as purchase money had not been paid, nor secured in any manner, and it was agreed between her and appellee that she owed him $318, and she executed to him her note therefor, in part in the following language:

"One day after death * * * for value received * * * promise to pay S. J. Porter the sum of $318 and attorneys' fees, negotiable and payable at the Union Bank at Tipton, Indiana, with interest at the rate of six per cent per annum from date until paid."

This instrument must be held to be a negotiable note. If a note does not contain the words "or order," "or bearer," or other like words of negotiability, it is non-negotiable. Tiedeman, Commercial Paper §21; *Maule* v. *Crawford* (1878), 14 Hun (N. Y.) 193; *Hackney* v. *Jones* (1842), 3 Humph. (Tenn.) 611. But if it contains words which clearly show that it was intended to be negotiable, it is not necessary that the words "order" or "bearer" be used. It is clearly stated that this note shall be "negotiable and payable at the Union Bank at Tipton, Indiana," and therefore it must be held to be a negotiable instrument. Tiedeman, Commercial Paper §21; *Raymond* v. *Middleton & Co.* (1858), 29 Pa. St. 529. However, the taking of this note did not operate as a waiver of the vendor's lien previously held by appellee. "The presumption of payment,

3. which ordinarily arises from the giving of a note governed by the law merchant, will be controlled when its effect would be to deprive the party who takes the note of a collateral security, or any other substantial benefit. In such cases the presumption of payment is rebutted by the circumstances of the transaction itself." *Jouchert* v. *Johnson* (1886), 108 Ind. 436, 9 N. E. 413. See, also, *Bradway* v. *Groenendyke* (1899), 153 Ind. 508, 55 N. E. 434; *Scott* v. *Edgar* (1902), 159 Ind. 38, 63 N. E. 452; *Aldridge* v. *Dunn* (1844), 7 Blackf. 249, 41 Am. Dec. 224; 39 Cyc 1842.

On October 3, 1911, Barbara Hertzler executed a deed conveying the above mentioned ten-acre tract of land to appellant Samantha P. Essig, her daughter. This

4. tract of land was Mrs. Hertzler's only property. The consideration for the deed was services rendered to Mrs. Hertzler and a home furnished to her, of ample value for the land. Appellant Essig was present when her mother gave the note in question to appellee, and knew of its execution, that it was for unpaid purchase money, and that it

was unpaid when the land was deeded to her. Hence she took the land with notice that it was subject to a vendor's lien in favor of appellant. On February 2, 1912, Barbara Hertzler died insolvent, and on March 1, 1912, appellant Essig conveyed the aforesaid ten-acre tract to appellant Cocain for the consideration of $2,000 of which he paid her $1,500 in cash, of which amount she now has $1,300 in cash, and the remaining portion was evidenced by his promissory note for $500 secured by mortgage on the real estate sold. On March 5, 1912, he was notified of appellee's claim against the real estate. It is undoubtedly true that appellant Cocain would not be an innocent purchaser as to the amount of the purchase price unpaid by him at the time he received notice of appellee's lien against the land, but such rule can have no application in this case unless the promissory note was not payment. *Certain* v. *Smith* (1912), 53 Ind. App. 163, 101 N. E. 319; *Higgins* v. *Kendall* (1881), 73 Ind. 522. The court found that appellee has, and is entitled to, a vendor's lien on the land to the extent of the unpaid purchase money owing by appellant Cocain, and also upon the purchase money in the hands of appellant Essig, and stated conclusions of law accordingly. It is unnecessary for us to consider whether appellant Cocain, having given his promissory note for the unpaid portion of the purchase price, can by that fact be said to be an innocent purchaser as to the entire purchase price. This appellant has not excepted to the conclusions of law, or made any motion to modify the judgment rendered thereon, and any error in this respect as to him would not be prejudicial to appellant Essig. The court as a part of its judgment decreed that appellant Essig should within thirty days pay into court the sum of $689.98, which it found to be due on the note, with interest, in discharge of appellee's lien and in case of her failure to do so, she should be subject upon appellant's motion to citation and punishment for disobedience

of the decree. Appellant Essig moved the court to strike out this portion of the judgment rendered. The overruling of this motion was not error. Appellants were neither personally liable for the debt represented by the vendor's lien held by appellee; but, as appellant Essig, with knowledge of such lien, sold the land upon which it was attached, equity will transfer the lien to the funds received from the sale of the lands, and require her to pay the lien therefrom.

The death of appellee while this appeal has been pending having been suggested, the judgment is therefore affirmed as of the date of submission. Judgment affirmed.

NOTE.—Reported in 112 N. E. 1005. See under (1) 39 Cyc 1801. Negotiable note, what constitutes, Ann. Cas. 1912D 4. See under (2) 7 Cyc 606; (3) 39 Cyc 1834; (4) 39 Cyc 1823.