BOYD ET AL. *v.* GREER ET AL.

[No. 9,762.   Filed April 25, 1919.]

1. APPEAL.—*Parties.*—Where the only issue against one party to the trial was tendered by plaintiff in his complaint and there was a separate judgment in favor of such party from which no appeal was taken, and he was not a party to the judgment appealed from, such party would not be affected by the result of the appeal, and is not a necessary party thereto. p. 80.

2. EVIDENCE.—*Vendor's Lien.*—*Exchange of Land and Chattels in Gross.*—*Value of Each.*—*Extrinsic Evidence.*—When called upon to enforce an alleged vendor's lien arising out of a sale or exchange of land and chattels in gross, a court of equity may hear extrinsic evidence as to the value placed on each by the parties to the transaction. p. 81.

3. VENDOR AND PURCHASER.—*Exchange of Land and Chattels in Gross.*—*Right to Vendor's Lien.*—Where land and chattels are sold or exchanged in gross, but the parties in making such sale or exchange have placed separate values on each, the court will enforce a vendor's lien against the land for the balance due thereon, although the obligation taken may include the price of both. p. 82.

4. PAYMENT.—*Vendor and Purchaser.*—*Vendor's Lien.*—*Mode and Application of Payments.*—The sale of land may take the form of an exchange when the buyer pays a part or all of the purchase price in other lands, and, in the absence of fraud, such payment has the same legal effect, as regards the right of the court to determine its application, as if the agreed value of the land purchased had been paid in money. p. 83.

5. PAYMENT.—*Distinct Accounts.*—*Part Payments.*—*Application.*—Where one person is indebted to another upon several distinct

accounts, he has a right to direct the application of his payments, but if the debtor pays generally the creditor may apply as he elects, and, if neither makes a specific application, the court will make such application of payments as justice between the parties most urgently demands. p. 83.

6. PAYMENT.—*Exchange of Real and Personal Property.—Part Payments.—Application.—Vendor's Lien.*—In an action to enforce a vendor's lien for the amount of a note given by defendant for the balance of the purchase price on the sale in gross of a farm and certain personalty, the court, in the absence of direction by the parties, would be authorized to apply the value of land conveyed in part payment by defendants, first to any amount agreed on by the parties as to the value of the personal property, and the remainder, if any, on the price of the farm land, and where such an application fully discharged the debt owing for the personalty, so that the entire amount of the notes in suit constituted an unpaid balance on the purchase price of the farm, plaintiff was entitled to a decree establishing a vendor's lien in his favor. p. 84.

7. VENDOR AND PURCHASER.—*Remedies of Vendor.—Lien.—Waiver.—Taking Note.*—Acceptance of a vendee's notes for the unpaid portion of the purchase price of land did not deprive the vendor of his right to a vendor's lien. p. 85.

From Jackson Circuit Court; *Oren O. Swails,* Judge.

Action by Ford W. Greer against William G. Boyd, Mattie L. Boyd and another. From the judgment rendered, the defendants named appeal. *Affirmed.*

*Bingham & Bingham,* for appellants.

*Floyd A. Sterrett, Kochenour & Prince* and *Wilbur T. Gruber,* for appellees.

BATMAN, P. J.—This is an action by appellee Ford W. Greer against appellants to recover a judgment on two promissory notes, and to have such judgment decreed to be a lien on certain real estate alleged to have been sold and conveyed to them by said appellee. The appellee Hiram Brown was made a defendant to said action to answer as to his interest in said

real estate by reason of a certain mortgage thereon, executed to him by appellants since they became the owners thereof. Issues were duly joined on the complaint by appellants, who also filed a cross-complaint against appellee Greer, in which they set up the breach of a contract, alleged to have been entered into between them and said appellee, and by reason of which they asked damages. Issues on said cross-complaint were duly joined by appellee Greer. Appellee Hiram Brown filed an answer to the complaint of said Ford W. Greer in two paragraphs, the first of which was a general denial. The second alleged in substance that appellants had theretofore executed to him a mortgage on the real estate described in the complaint, which had been duly recorded in the proper mortgage record of said county; that he had taken and accepted the same in good faith, for a valuable consideration then and there given in the regular course of business, without any notice, actual or constructive, of the claim or lien of said appellee Greer, as set forth in his complaint. To this affirmative paragraph of answer appellee Greer filed a reply in general denial. The cause was submitted to the court for trial, and a judgment was rendered in favor of said Hiram Brown against appellee Greer that said Greer take nothing by his complaint against Brown, and that Brown recover of and from Greer all his costs and charges laid out and expended. A judgment was also rendered in favor of appellee Greer against appellants that they take nothing by their said cross-complaint, and that Greer recover of appellants all his costs and charges laid out and expended on the issues tendered by the cross-complaint. A judgment was also rendered in favor of appellee Greer against

appellant William G. Boyd for the sum of $310.46 and costs, which amount was adjudged to be a vendor's lien upon the real estate described in said appellee's complaint, and a decree was entered foreclosing the same. A further judgment was rendered in favor of appellee Greer against appellant William G. Boyd for the sum of $17.50 and costs. Appellants filed a motion for a new trial, which was overruled, and has assigned this action of the court as the sole error on which it relies for reversal.

The transcript on appeal was filed in this court on September 16, 1916. On December 29, 1916, appellee Greer filed a motion to dismiss the appeal on

1. the ground that this is a vacation appeal; that Hiram Brown is a necessary party thereto; that no effective steps had been taken to give him notice thereof; that said Brown had not entered his appearance thereto or joined in error; that more than ninety days had expired since the filing of the transcript, and that the time allowed by law for taking an appeal had also expired. This motion was postponed until final hearing, and is now before us for determination. This is a vacation appeal. It will be observed that on the trial the only issue to which the said Hiram Brown was a party was one tendered by appellee Greer in his complaint, and on which there was a separate judgment in favor of said Brown, from which no appeal was taken. The judgment which forms the basis of this appeal is one rendered against appellants in favor of appellee Greer, and to which said Brown is not a party. Under these circumstances Brown would not be affected by the result of this appeal, and is not a necessary party thereto. *Rooker* v. *Fidelity Trust Co.* (1916), 185 Ind. 172, 109

N. E. 766. The motion of appellee Greer to dismiss the appeal is therefore overruled.

Appellants contend that the decision of the court is not sustained by sufficient evidence and is contrary to law. In support of this contention they assert that the evidence shows, among other things, that on August 31, 1914, appellant William G. Boyd and appellee Greer entered into a plain and unambiguous contract, by the terms of which the latter agreed to exchange a farm and certain personal property in gross for certain real estate owned by appellants; that in pursuance to said contract the exchange of property was made, and appellant William G. Boyd executed to said appellee his promissory note for $300, as a part of the agreed consideration for said exchange; and that the notes in suit, except as to a small amount, were given in renewal of said note. Appellants contend that under these facts appellee was not entitled to a decree, establishing a vendor's lien in his favor on the farm which they obtained from him through said exchange. In making this contention they rely on the general rule that on a sale of land and personal property for a gross sum, without any separation of their values, so that the consideration for which the land was sold may be determined, no lien can be enforced on the land for the debt thereby created. They assert that since the contract in question is plain and unambiguous, and shows that the farm and personal property in question were traded to them in gross, it cannot be varied by oral or extrinsic evidence, and hence no portion of said indebtedness should have been decreed to be a lien on their said farm. We cannot agree

2. with appellants that a court of equity, when called upon to enforce an alleged vendor's lien,

arising out of a sale or exchange of land and chattels in gross, may not hear extrinsic evidence as to the value placed on each by the parties to such sale or exchange. *Gerstell* v. *Shirk* (1913), 210 Fed. 223, 127 C. C. A. 41. In accord with this decision and the better reason, the contrary is evidently true. In the instant case there is evidence which tends to prove that the value placed on the personal property by the parties in the exchange of property was $100, and other evidence which tends to prove that such value was placed at $300. This afforded the court some evidence from which it could determine the separate values placed on the land and personal property by the parties in making the exchange. Under these circumstances the rule which appellants seek to invoke is not applicable. In reaching its decision the

3.    trial court evidently recognized and applied the rule that, where land and chattels are sold or exchanged in gross, but the parties in making such sale or exchange have placed separate values on each, the court will enforce a vendor's lien against the land for the balance due thereon, although the obligation taken may include the price of both. 39 Cyc 1830; 29 Am. and Eng. Ency. Law 745; *McCauley* v. *Holtz* (1878), 62 Ind. 205; *Gerstell* v. *Shirk, supra; Bergman* v. *Blackwell* (1893), (Tex. Civ. App.) 23 S. W. 243; *Russell* v. *McCormick* (1871), 45 Ala. 587, 6 Am. Rep. 707. Under the evidence cited and rule stated, we cannot say that the decision of the court with reference to the vendor's lien decreed is not sustained by sufficient evidence or is contrary to law.

But appellants contend that in any event the amount decreed to be a lien against their land was too large. They base this contention on the fact that,

inasmuch as appellee Greer testified that the parties, at the time of the exchange, placed a value of $100 on the personal property, the court, in determining the amount of the lien, should have deducted said sum, at least, from the balance found due appellee on account of said exchange of property. In making this contention appellants evidently assume that no part of the value of the real estate which they conveyed to said appellee was applied, or ought to be applied, in payment of the amount which the evidence tends to prove the parties placed on the personal property, as its value, at the time of the sale or exchange. This assumption is unwarranted.

4. The sale of land may take the form of an exchange. This occurs when the buyer pays a part or all of the purchase price in other lands. When this is done in the absence of fraud, it has the same legal effect as if the agreed value thereof had been paid in money. 39 Cyc 1801; *Hare* v. *Van Deusen* (1860), 32 Barb. (N. Y.) 92. As there is no question of fraud in the instant case, we may treat the conveyance of the real estate made by appellants to appellee Greer as the payment of its value in money, and determine its proper application accordingly. It

5. was held in the case of *McCauley* v. *Holtz, supra,* that where real and personal property is sold in gross, but the parties at the time of the sale make an estimate of the value of each, and payments are subsequently made on an unpaid balance of the purchase price, without any direction as to its application, and there is no evidence as to any specific application thereof by the vendor, the court will apply such payments to the debt owing for the personal property, under the recognized rule that, where one

person is indebted to another upon several distinct accounts, he has a right to direct his payments to be applied to any one, as he chooses; but if he pays generally the creditor may apply as he elects, and, if neither makes a specific application, the court will usually apply the payments, first to the debt having the most precarious security, or no security, or to the oldest debt. *King* v. *Andrews* (1868), 30 Ind. 429.

6. In other words, the law, in the latter class of cases, will make such application of the payments as justice between the parties most urgently demands. The only evidence which we have been able to discover that can be said to bear on the application of the payment made by appellants in the conveyance of their real estate to appellee Greer is from appellant William G. Boyd and said appellee. The former testified that the original note for $300 was given for the personal property, while the latter testified that said note was given as evidence of the amount due on the farm. This does not afford direct evidence as to how such application was made, but furnishes a basis for opposing inferences in that regard. Under such circumstances it became a question for the court as to what application of such payments, if any, was made. It is found that no application thereof was in fact made, but that such payment was made generally by appellants, and held by such appellee, without specific application, then under the rule stated *supra,* the court was authorized to apply the same, first to any amount which he may have found was agreed upon by the parties as the value of the personal property, and the remainder on the price of the farm. Since the evidence shows that the value of the real estate so conveyed was far in excess of the

value of the personal property, such application would have fully discharged any amount due therefor, and left the entire amount of the notes in suit as an unpaid balance on the farm.

Appellants assert that the notes in suit are governed by the law merchant; that the giving of such notes, in the absence of an agreement to the contrary, is payment; and that by reason of such fact appellee is not entitled to a vendor's lien on their land. For the reason stated in the case of *Essig* v. *Porter* (1916), 63 Ind. App. 318, 112 N. E. 1005, this contention is not well taken.

We fail to find any sufficient ground on which to hold that the court erred in overruling appellant's motion for a new trial. The judgment, therefore, is affirmed.