## MACBETH *v.* BENNINGHOFF.

[No. 16,413.   Filed February 13, 1941.]

654

*Guy Colerick, Frank E. Corbett,* and *James P. Murphy,* all of Fort Wayne, for appellant.

*Howard W. Mountz,* of Garrett; and *Howard Benninghoff,* of Fort Wayne, for appellee.

STEVENSON, P. J.—On the 5th day of January, 1927, the appellant, Edmond A. Macbeth, and Breta O. Macbeth filed a complaint against John Benninghoff and Rebecca Benninghoff, which complaint, omitting the caption, reads as follows:

> "The plaintiffs complain of the defendants and say that on the ———— day of ————, 1924, they sold and conveyed to the defendants the following described real estate in the County of Allen, in the State of Indiana, to-wit:
>> "Lot eighty (80) in Rockhill's Addition to the City of Fort Wayne.
> by a·deed of conveyance a copy of which is attached

hereto and marked Exhibit A. That as purchase price for said real estate the said defendants agreed to and did convey to the plaintiffs the following described real estate in Allen County, Indiana:

"The northeast quarter ($\frac{1}{4}$) of Section Two (2) Township 32 North, Range 32 east.

and assumed and agreed to pay in addition to said real estate a mortgage upon the real estate first hereinabove described in the sum of fifteen thousand dollars ($15,000) in favor of the City Trust Company of Indianapolis, Indiana, and interest on said mortgage subsequent to the date of such conveyance; that said defendants now deny that they were to pay. the entire amount of said mortgage, namely, fifteen thousand dollars ($15,000.00) but claim that they were only required to pay twelve thousand dollars ($12,000) thereof; that they deny any liability to pay said three thousand dollars ($3,000) of said mortgage; that previous to said conveyance herein alleged these plaintiffs had borrowed from said City Trust Company the sum of fifteen thousand dollars ($15,000) and had received from said Trust Company twelve thousand dollars ($12,000) thereof; the said Trust Company placing to the account of the plaintiffs herein, but retaining the possession thereof, the three thousand dollars ($3,000) of the proceeds of said mortgage for the use and benefit of these plaintiffs. That since the conveyance above alleged the said Trust Company refuses to deliver to these plaintiffs said three thousand dollars ($3,000) so placed to the plaintiffs' account and retained by said Trust Company and refused to collect from the defendants herein the interest on said three thousand dollars ($3,000). That the said Trust Company and the said defendants are threatening to cancel said mortgage upon the payment of twelve thousand dollars ($12,000.00) by the defendants for the purpose and with the understanding and under a conspiracy to defeat these plaintiffs of their vendor's lien and mortgage lien of three thousand dollars ($3,000) on said real estate so sold by them to the defendants and the defendants herein are endeavoring to sell and dispose of said real estate so as to defeat these plaintiffs of their said mortgage lien interest of

three thousand dollars ($3,000) and vendors' lien of three thousand dollars ($3,000).

"WHEREFORE plaintiffs pray that this court declare the lien of the plaintiffs herein upon said real estate as a first lien thereon, subject only to taxes and assessments for public improvements and that the plaintiffs have a personal judgment against the defendants in the sum of three thousand dollars ($3,000) and interest thereon from the ———— day of ————, 1924, and that said lien be foreclosed and said property ordered sold to pay the same and for all other proper relief."

Subsequent to the filing of this complaint and on the 30th day of June, 1938, an amended complaint was filed. This amended complaint alleged that on the 13th day of August, 1924, the appellants entered into a written agreement to sell the real estate described as "Lot eighty (80) in the Rockhill's Addition to the City of Fort Wayne," to the appellee, a copy of which written agreement was attached to the amended complaint as an exhibit. The amended complaint further alleges that as a purchase price the appellees agreed to and did convey to the appellants the 160 acres described and agreed to pay in addition thereto a certain mortgage in the sum of $15,000.00 in favor of the City Trust Company of Indianapolis, a copy of which mortgage was also set out as an exhibit in said amended complaint. The complaint further alleges that pursuant to said agreement, the appellants did by their warranty deed convey the real estate in the City of Fort Wayne described as Lot eighty (80) in the Rockhill's Addition to the appellees and in said deed the appellees expressly assumed and agreed to pay the said mortgage of $15,000.00 to the City Trust Company of Indianapolis, together with interest thereon from September 1, 1924. A copy of this deed was attached to the amended complaint and made an exhibit.

The complaint further alleges that previous to this conveyance the appellants had borrowed from the City Trust Company of Indianapolis the sum of $15,000.00 and had received from said Trust Company the sum of $12,000.00 and the remaining $3,000.00 had been placed to the plaintiffs' account in the City Trust Company of Indianapolis, which $3,000.00 the City Trust Company subsequently refused to deliver to these appellants. The amended complaint further alleged that the City Trust Company now refuses to collect either the principal sum of $3,000.00 or the interest thereon from the appellees, that the appellees have refused to pay either the appellant or the City Trust Company said sum of $3,000.00 and that the Trust Company and the appellees are threatening to cancel said mortgage upon the payment of $12,000.00 by the appellees. The amended complaint further alleges that the appellees have failed to pay the full purchase price of said real estate and that the sum of $3,000.00 is now due and owing and wholly unpaid from the appellees together with interest thereon from August 5, 1924, and that said amount constitutes a vendor's lien upon said "Lot eighty (80) in the Rockhill's Addition to the City of Fort Wayne."

The complaint closes with a prayer for a personal judgment in the sum of $3,000.00, together with interest thereon from the 1st day of September, 1924, and for the establishment of a vendor's lien, and for foreclosure of said lien.

To this amended complaint a demurrer was addressed, challenging the sufficiency of the facts stated therein to constitute a cause of action. In support of this demurrer the appellee contends that it appears from the contract filed with the amended complaint and marked

Exhibit A, that the appellant as vendor sold both real and personal property for the gross purchase price without an apportionment of the cost thereof as between the two classes of property, that under such circumstances no vendor's lien can be enforced against the real estate. As a second proposition, it is contended that the complaint shows on its face that the appellant's cause of action, if any, is against the City Trust Company of Indianapolis only. The third contention raised by the demurrer is that the amended complaint states a new cause of action, different from the one originally filed on the 5th day of January, 1927, and that the action embodied in the amended complaint shows on its face that it is barred by the statute of limitations. The court sustained this demurrer and the appellant refused to plead further.

Before judgment the action was dismissed as to the plaintiff, Breta O. Macbeth, and the defendant, Rebecca Benninghoff. Judgment was entered upon the pleadings to the effect that the plaintiff take nothing by his complaint and that the defendant, appellee, recover costs. It is from this judgment that this appeal has been perfected and the only error assigned is that the trial court erred in sustaining the appellee's demurrer to the appellant's amended complaint.

In support of the demurrer the appellee first contends that the appellant can have no vendor's lien upon the real estate in question where both land and personal property were sold together under one contract at a gross price without stating the separate price or value of the land and personalty. It appears from the contract under which the sale was made that the Benninghoffs agreed to sell to the appellants the quarter section of land in Allen County free and clear of all incumbrances and to accept in payment therefor from

the Macbeths the property described as "Lot eighty (80) in the Rockhill's Addition to the City of Fort Wayne." This agreement was subject to certain conditions, one of which was that "In the exchange of said property, said Benninghoffs are to assume a mortgage of $15,000.00 upon the property to be conveyed by said Macbeths," and the contract contained this further provision:

> "It is further agreed that the said Benninghoffs are to have all Murphy beds and mattresses, if any; all light fixtures, screens to the windows, door screens, awnings, light bulbs, shade to the windows, linoleum on floors or material similar to linoleum, mats on the stairways and any other property which it was clearly the intention of the party to make a part of this real estate. Said Macbeths will allow gas stove, kitchen cabinets and refrigerators to remain in said property."

. By supplemental agreement executed a few days later, further reference was made to this provision, and it was amended to include "all gas stoves." It was further agreed that there should be written in the deed from the appellant to the appellee the covenant by which the appellee was to assume and agree to pay the $15,000.00 mortgage debt due the City Trust Company of Indianapolis.

The first question therefore presented is whether or not this contract, having embodied therein both real estate and the personal property described, is such as will prevent the appellant from enforcing a vendor's lien for any unpaid balance of the purchase price. A question similar to this was before our Supreme Court in the case of *Old First Natl. Bank & Trust Co.* v. *Scheuman* (1938), 214 Ind. 652, 13 N. E. (2d) 551. In this case our Supreme Court said, page 670:

"We recognize the rule as contended for by appellee that: 'When there has been a sale of both real and personal property, under an entire contract for a gross sum, the parties having failed to separate and distinguish the considerations, the court will not undertake to do so. A debt, to come within the principle upon which equity declares a lien for its security, must be contracted in the purchase of real estate.'

"On the other hand, we also recognize the rule as contended for by appellant that: 'Where land and chattels are sold or exchanged for a sum in gross, but the parties in making such sale or exchange, have placed separate values on each, the court will enforce a vendor's lien against the land for the balance due thereon, although the obligation taken may include the price of both.'"

In this case a bank and certain banking fixtures and personal property were sold for a fixed price. The court held that the purchase price of $500,000.00 as fixed for the real estate was sufficient to include the miscellaneous furniture included in the contract and did not of itself defeat the enforcement of a vendor's lien arising out of the contract to sell the land and personal property in gross. The court said, page 673: "The furniture was inconsequential compared to the value of the real estate and we think from the fair interpretation of the evidence was considered as a mere gratuity. The value of the personal property was so unimportant and small as compared to the price of the real estate that the parties did not take its value in consideration, but took only the value of the real estate into consideration when making the contract."

For the purposes of the demurrer, we cannot assume that a separate price was fixed and agreed upon by the parties hereto for the personal property included in the items specifically mentioned. Indeed, we cannot say from a reading of the contract which

of the items mentioned were fixtures and which were personal property. Murphy beds, light fixtures, linoleum on floors, screens to windows and doors are many times considered as fixtures and not personal property. These items were mentioned by the parties along with "any other property which it was clearly the intention of the party to make a part of the real estate" and we cannot say for purposes of the demurrer that they constitute personal property of such value as would be clearly within the rule contended for by the appellant. The same thing may be said as to the gas stoves, kitchen cabinets and refrigerators which were to remain with said property. These items are frequently considered as fixtures, especially in apartment buildings. These are matters on which the trial court should hear evidence. *Boyd* v. *Greer* (1919), 70 Ind. App. 77, 123 N. E. 122; *Evans* v. *Ockerhausen*, 100 F. (2d) 695, 128 A. L. R. 177. See *Guardian Life Ins. Co. of America* v. *Swanson* (1936), 286 Ill. App. 278, 3 N. E. (2d) 324; *Chicago Title & Trust Co. v. Waldman et al.* (1936), 288 Ill. App. 21, 5 N. E. (2d) 737.

The appellee next contends, in support of his demurrer, that to create a vendor's lien there must be a debt for unpaid purchase money in a fixed amount due directly from the vendee to the vendor, and if the obligation consists of a collateral covenant or for the discharge of a liability to a third party, no lien exists.

We cannot agree with this contention. This question was before our Supreme Court in the case of *Strohm* v. *Good* (1888), 113 Ind. 93, 14 N. E. 901. Under facts very similar to these, the Supreme Court said, pages 96, 97: "Joseph Strohm in assuming to pay the mortgage to Stahley became primarily the debtor, and the land bought by him was primarily liable for the debt. The

failure to pay this mortgage was a failure to pay the purchase-money, and was, also, a breach of the contract to protect Mrs. Good's property. There can, therefore, be no doubt that a right of action at once accrued to her. As there was a cause of action, and as that cause of action was founded on a failure to pay the purchase-money as agreed, she has a right to enforce a vendor's lien."

As was said in the case of *Forsythe* v. *Brandenburg* (1900), 154 Ind. 588, 593, 57 N. E. 247: " 'Equity has regard in such cases, as in others, for the substance, and not for the mere form. If, upon looking through the transaction, it appears that the debt which the party owes is in fact part of the purchase price of land, acquired in the transaction out of which the debt arose, a lien will be declared upon the land in favor of the person to whom such debt is due.' "

The complaint in this case alleges that as a part of the purchase price for this real estate the appellee assumed and agreed to pay a mortgage to the City Trust Company of Indianapolis in the sum of $15,000.00. This was a part of the purchase price agreed upon and if for any reason the appellant was forced to pay $3,000.00 of this amount out of his own funds or from funds rightfully due him, the appellee is not released from his obligation which he assumed and for which he presumably received property of equal value. The discharge of this obligation in the amount specified was necessary to the performance of the appellee's contract. Failure on his part to so perform is a failure to pay the purchase price agreed upon and entitles the appellant to a vendor's lien.

The appellee further contends in support of the demurrer that the amended complaint filed on the 30th

day of June, 1938, sets up a new cause of action ■ different from the cause of action alleged in the original complaint filed on the 5th day of January, 1927, and that such complaint shows on its face that the obligation is barred by the statute of limitations. We cannot agree with this contention. The amendment of a complaint as a general rule does not amount to the commencement of a new action but the amendment filed speaks from the time the original pleading was filed and summons issued thereon. Watson's Rev. of Works' Practice, Vol. 1, Sec. 797, and cases cited.

It is apparent from a reading of the amended complaint, and a comparison of the facts alleged therein, to the facts alleged in the original complaint ■ that the cause of action alleged in both the original and the amended complaint is one and the same. "The generally accepted and recognized tests by which to determine whether a cause of action stated in an amended pleading is the same as that stated in the original pleading are made by asking the following questions: (1) Will the same evidence support each? (2) Will a judgment on one be a bar to judgment on the other? (3) Will the same measure of damages govern both? (4) Is each open to the same defense?" Watson's Rev. of Works' Practice, Vol. 1, Sec. 797.

Applying these tests to the original complaint and the complaint as amended, it is apparent that the causes of action stated therein are identical. The ■ amended complaint accordingly does not show on its face that the cause of action therein alleged is barred by the statute of limitations.

We are therefore of the opinion that the complaint states a cause of action not only for a recovery of a

personal judgment against the appellee, but also for the enforcing of an equitable lien against the real estate described in the amount of such judgment.

The court was accordingly in error in sustaining the demurrer to the amended complaint. Because of this error, the judgment of the trial court is reversed with instructions to the trial court to overrule the appellee's demurrer to the amended complaint and for further proceedings consistent with this opinion.

Judgment reversed.

Flanagan, J., not participating.

NOTE.—Reported in 31 N. E. (2d) 665.